The Chancellor.
The complainant claims to hold a chattel mortgage, dated on the twenty-ninth of August, 1859, executed to him by Schmidt, the defendant, upon the “ lease and good will of a lager beer and billiard saloon,” occupied by the mortgagor at number 17 Montgomery street, Jersey City, and of three billiard tables, and other furniture and fixtures therein, to secure the payment of $1000 on demand. The bill was filed on the fourth of March, 1861, to restrain the sale of the said chattels, under judgments and executions against Schmidt, the mortgagor, and to obtain a decree for the sale of the same, to pay the mortgage debt due the complainant. ' '
On the fourth of December, 1861, on the petition of the complainant, an order was made restraining Benjamin O. Edge, the landlord of the premises, from selling the mortgaged chattels as a distress for rent, Edge now moves to vacate that order upon two grounds: 1, that he is not a party to the suit; 2, the want of due diligence on the part of the complainant in the prosecution of his suit.
1. The order enjoining the landlord from making sale under his distress is asked to be set aside on the ground that the landlord is not a party- to the suit.
In Iveson v. Harris, 7 Vesey 256, 25.7, Lord Eldon said: “ I have no conception that it is competent to this court to hold a man bound by an injunction who is not a party in the cause for the purpose of the cause. I find the court has adhered very closely to the principle, that you cannot have an *270 injunction except against a party to the suit. The court has no right to grant an injunction against a person whom they have not brought, or attempted to bring, before the court by subpoena.” This language of Lord Eldon was adopted and approved by Chancellor Kent, in Fellows v. Fellows, 4 Johns. Ch. R. 25.
Such is undoubtedly the well settled general rule. Dawson v. Princeps, 2 Anstruther 521; Drewry on Inj. 346; 1 Eden (Waterman’s ed.) 13, note; 2 Ibid. 371-2.
It is an obvious dictate of reason and justice that the court will not determine the rights of a party who is not before the court. Inchiquin v. French, Ambler 34.
There are exceptions to the general rule, but they will be found to consist either of cases where the party enjoined is the mere solicitor, or agent, or tenant of a party to the suit having no rights involved in the controversy, or where the right has been already determined. Cholmondeley v. Clinton, 19 Vesey 261; Attorney General v. Ancaster, 1 Dickens 68; Mogg v. Mogg, 1 Dick. 670; Casamajor v. Strode, 1 Sim. & Stu. 381.
Purchasers, mortgagees, judgment creditors, and others having an interest in the mortgaged premises, and whose rights are to be affected by the decree, are necessary parties to the suit. A party whose rights are acquired pendente lite may be bound by the decree, but it does not follow that he will be enjoined before decree without an opportunity of being heard.
It is also insisted that the property, having been levied upon by writs of execution, is in the custody of the law, and that it is not therefore liable to distress. This objection, if valid, would seem to lie more properly in the mouth of the defendants, by whose executions the property was levied upon, than in that of the complainant, who claims adversely to those levies, and insists that they are fraudulent. And if available, it should properly be enforced by the court out of which the process issued.
I think that the landlord should have been made a party *271 before tbe granting of tbe order that he might have had an opportunity of protecting his interests; and the more especially as it is alleged in the petition that the distress of the tenant’s goods by the landlord was made by collusion with the tenant.
The second objection to the continuance of the injunction is, that there has been a want of due diligence on the part of the complainant in prosecuting his suit.
The bill was filed on the fourth of March, 1861. On the eighteenth of May, all the defendants except one answered. On the second of December, two days before obtaining the order against Edge, the complainant filed his replication. No other step has been taken in the progress of the cause. The design of the injunction is to afford to the complainant necessary protection to the property in dispute pending the litigation. It would be a most unjust exercise of the power to permit the complainant to slumber over his rights, and at the same time to restrain the landlord from the pursuit of his lawful remedies against the property of his tenant, without an opportunity of being heard or of interfering in the conduct of the cause. The complainant, even as against the defendants in the cause, must use due diligence, or the injunction will be dissolved. Depeyster v. Graves, 2 Johns. Ch. R. 14.8; West v. Smith, 1 Green's Ch. R. 309; Lee v. Car-gill, 2 Stock. 331.
The motion to set aside the order is allowed with costs.