JOHNSON *et al.*, *Plaintiffs in Error*, v. CARRINGTON *et al.*

Division One, February 19, 1894.

| 120 | 315 |
| 92a | 82 |
| 120 | 315 |
| e176 | 479 |

**Appellate Practice**: ABSTRACT OF RECORD: DISMISSAL OF WRIT OF ERROR.
A statement by the plaintiff in error merely giving an abstract of the evidence offered at the trial is not a compliance with supreme court rules 12 and 13 relating to the preparation of abstracts of the record and the writ of error will in such case be dismissed on motion of the defendant in error.

*Error to Mississippi Circuit Court.*—Hon. H. C. O'Bryan, Judge.

WRIT DISMISSED.

*J. Perry Johnson* and *E. R. Lentz* for plaintiffs in error.

*W. H. Clopton* for defendants in error.

PER CURIAM. (BLACK, C. J., BRACE AND MACFARLANE, JJ.)—The statement is made by plaintiffs in error that this suit is in equity to cancel and set aside certain deeds as casting a cloud upon plaintiffs' title to certain real estate described in the petition. An abstract of the pleadings is not made, nor is a description of the land affected, given. It does not appear from the statement that any motion for a new trial was made and overruled in the circuit court. Indeed nothing has been filed which purports to contain an abstract of the record. A mere statement, giving an abstract of the evidence offered on the trial, is not a compliance with rules 12 and 13 of this court. Even the abstract of the evidence shows upon its face that it is incomplete. Thus it is stated: "The balance of the testimony by defendants, does not, in our opinion, in any manner affect questions at issue. It was incompetent for any purpose, and should have been excluded." What is there stated is all the information given us in respect to this evidence. Counsel has no right to judge for himself whether evidence, admitted by the trial court, affects the question at issue. Defendant has filed a motion to dismiss the writ of error for failure on the part of plaintiffs in error to comply with said rules of court, and the motion should be and is sustained, and the writ of error is dismissed.