HALSTEAD, Appellant, v. STONE et al.

Division One, February 15, 1899.

Appellate Practice: FAILURE TO COMPLY WITH RULES: DISMISSAL OF APPEALS. Although there is a complete transcript in the case, yet if appellant's pretended abstract does not set out the evidence on which the case was determined in the trial court, nor the pleadings, nor the judgment, nor the motion for a new trial, and otherwise totally fails to comply with rules 12 and 13 of this court, and the statement made therein fails to comply with section 2301, Revised Statutes 1889, the appeal will be dismissed.

*Appeal from Howell Circuit Court.*—HON. W. N. EVANS, Judge

APPEAL DISMISSED.

H. D. GREEN and G. A. CHAPMAN for appellant.

JAMES ORCHARD for respondents.

Appellant has not complied with rules 11, 12 and 13 of this court and has no standing in this court, and we ask that the appeal be dismissed or judgment of the trial court be affirmed. The court will not look to the transcript, but there must be a clear and concise statement of the evidence. Walser v. Wear, 128 Mo. 652.

MARSHALL, J.—This case is here on a complete transcript. Appellant has filed a printed document which is stated on the cover to be, "Appellant's Abstract and Brief," and which inside the cover is styled, "Appellant's Abstract and Brief—Statement," and which is as follows:

## "APPELLANT'S ABSTRACT AND BRIEF.

### Statement.

"This is an action of ejectment in which the plaintiff seeks to recover possession of a piece of land in West Plains, Mo., described in the petition by metes and bounds, but designated on the plat as "Dr. Shuttee." It is situated just west of and adjoining lot 4, in block 1, of Curry's addition to West Plains, Mo. .The petition is in the usual form. Boqua, Frank Halstead, and Orr were made defendants, because they were tenants of defendant Stone, and occupied portions of the land in question. The case was tried by the court without a jury, and on issues between plaintiff and defendant, Elmer Stone. Both parties claim title through Frank T. Blackiston. Defendant admitted being in possession at the institution of the suit. Defendant Stone's first answer was a general denial only, and on this answer the case went to trial, and upon this answer the evidence of both parties was introduced, but after the trial had ended and the case had been submitted to the court, the court permitted the defendant to file an amended answer, in which amended answer Stone sets up equitable title and tenders other issues, viz.: That he (Stone) was, at the time plaintiff obtained his deed from Blackiston, in actual possession of the land, claiming title, and that plaintiff knew this; that plaintiff knew, before purchasing, that Stone had bought the land and claimed not only said lot 4, but also the "Shuttee" lot. Stone's contention is that he bought of Blackiston not only lot 4, but also the "Shuttee" lot, but by mistake or something else, the land, both lots, was described in the two deeds, one from Blackiston to Benson, and the other from Benson to Stone, as lot 4. Plaintiff introduced deeds and records showing title in himself of the "Shuttee" lot, the lot in question described by metes and bounds. Stone introduced deeds and records showing title in him to lot 4 and nothing else, an

entirely different piece of land from the "Shuttee" lot, the land in question. Plaintiff showed a perfect record title to the lot in question. No declarations of law were asked by either side and none were given. A part of the plat of said Curry's addition is contained in the bill of exceptions, showing the location of said lot 4, and also the "Shuttee" lot, the land in question. Defendant Stone, over plaintiff's objection, was permitted to introduce as evidence a judgment in a forcible entry and detainer suit, between Stone and plaintiff in regard to the land in question. Plaintiff makes no claim whatever to said lot 4. It will be perceived from the record evidence that the deed from Blackiston to plaintiff is a warranty deed."

Respondent insists that the appeal be dismissed for failure to comply with rules 12 and 13 of this court.

## I.

Rule 12 provides that where a complete transcript is brought to this court, the appellant shall serve the respondent with an abstract of the record at least thirty days before the day on which the cause is set for hearing, and shall file ten copies thereof with the clerk of this court not later than the day preceding the one on which the cause is set for hearing.

Rule 13 provides that the abstract required by rule 12, shall be printed in fair type, and shall be paged, and shall have a complete index at the end thereof, and shall set forth so much of the record as is necessary to a full and complete understanding of all the questions presented to this court for decision; that only the substance of pleadings need be set forth where no question is raised concerning them; that the evidence of witnesses shall be stated in narrative form, except when the questions and answers are necessary to a complete understanding of the evidence; that where there is any question made over the pleadings, or as to the admissibility or

legal effect of any documentary evidence, the pleadings and such documentary evidence must be set out in full with the indorsements thereon; and in all other respects the abstract must set forth so much of the record as is necessary to be consulted in the disposition of the assigned errors. In addition to the requirements of these rules, section 2301, R. S. 1889, requires each party to "make out and furnish the court with a clear and concise statement of the case," etc.

We have every disposition to be lenient in construing questions of compliance with these rules and with this statutory provision, but under the most liberal construction possible the appellant in this case can not be held to have complied with them. There is, in fact, no semblance of an abstract in the case, and except for that word appearing on the cover and at the beginning of the printed matter inside, no one would have imagined that it purported to be an abstract. The testimony of the witnesses is not set forth in narrative form or otherwise; a question as to the pleadings is raised, and the pleadings are not set forth; the admissibility and legal effect of documentary evidence is raised, and the pleadings and documentary evidence are not set out in full. Regarded as a statement it fails to comply with section 2301, R. S. 1889, in that it is not "a clear and concise statement of the case." It recites that deeds and records were introduced by both parties, and the conclusion is stated that they showed that plaintiff owned the "Shuttee" lot, and the defendant owned lot 4, but none of these deeds or records are set forth in an abstract as required by the rules, and for aught the court knows lot 4 may include the "Shuttee" lot or *vice versa*. The case was tried before the court, without a jury, no instructions were asked, there is nothing to show what judgment was entered or in whose favor it was, nor whether the losing party saved any exceptions or filed any motion for new trial or that it was overruled, or that any exceptions were saved if it was, nor whether any bill of exceptions was ever

filed, nor even that any appeal was ever taken or writ of error sued out, nor, in short, what the rights of the parties are, what the circuit court did or why or how this case got into this court.

These are a few, but not all, of the patent reasons for holding that appellant has failed to comply with the rules and with the statute. [Brand v. Cannon, 118 Mo. 595; Garrett v. Coal Co., 111 Mo. 279; Walser v. Wear, 128 Mo. 652.]

It is not only the right of the respondent to insist upon a substantial and reasonably fair compliance with the rules, but it is a duty which the appellant owes to the court to bring himself within their requirements. At best the burden of making a statement of the case is a heavy one upon the court in nearly all cases, and a very large part of the time of the judge is consumed in stating the case, which could be more profitably spent in considering the law of the case. There is no just reason why counsel can not fairly state the facts in any case, for they are in the record, but the spectacle is too frequently presented of an irreconcilable conflict between counsel as to what the facts are, and the judge is then put to the necessity of settling the facts, before he can consider the law. Thus unnecessary time and labor is expended by the court, the disposition of cases is delayed, and no profit has come to any one, for courts are not affected by disputes over matters which the cold record speaks the truth about.

These rules are not mere arbitrary requirements. They are founded upon experience, and when fairly observed facilitate the transaction of the business of the court, and expedite the determination of litigation.

In this case there is a manifest failure to comply with these rules and also with section 2301, R. S. 1889, and we are compelled to dismiss the appeal. It is so ordered. All concur.