ANDREW JACKSON, Defendant in Error and Appellant, v. WABASH RAILWAY COMPANY, Plaintiff in Error and Plaintiff.

Kansas City Court of Appeals, November 5, 1900,

1. **Railroads: KILLING STOCK: STATEMENT: LAWFUL FENCE.** A statement in a justices' court for killing stock set out in the opinion is examined and held sufficient after verdict.

2. **Appellate Practice: ABSTRACT: STATEMENT: EVIDENCE: ADDITIONAL ABSTRACT.** If a verdict is directed for the want of evidence the abstract should set out the evidence in full, that the appellate court may see it. While counsel's opinion of what the evidence shows is proper in the statement of the case, the whole evidence should appear in the abstract, and an additional abstract containing all the evidence filed out of time will not cure the defect.

Appeal from the Schuyler Circuit Court.—*Hon. N. M. Shelton,* Judge.

AFFIRMED AND THE APPEAL DISMISSED.

*George S. Grover* and. *Higbee & Mills* for plaintiff in error.

The second count of plaintiff's amended petition does not state facts sufficient to constitute a cause of action. R. S. 1899, sec. 1105; R. S. 1899, sec. 3295.

*Saxberry, Fogle* and *Eason* for defendants.

(1) The petition is good if it does state all the failures

of defendant to fence, etc., in one count.    Duncan v. Railway, 91 Mo. 67; Woods v. Railway, 51 Mo. App. 502; Ray v. Railway, 25 Mo. App. 104.    (2) But if defendant's contention is true, the whole sentence, "that it was the duty of the defendant to fence each side of·its said railroad where it passes through the lands hereinbefore described with a good lawful fence, of rails and plank," etc., might be stricken out and still a good cause of action remain, or the words, "of rails or posts and plank" might be stricken out and still a good cause of action remain, and if this can be done and is not, then they are disregarded by the court.    Bliss on Code Pld. (2 Ed.), sec. 215; Walker Bros. v. Railway, 68 Mo. App. 465; Campbell v. Railway, 121 Mo. 340; Radcliff v. Railroad, 90 Mo. 131; Morrow v. Surber, 97 Mo. 155; Crocker v. Mann, 3 Mo. 472; Floyd v. Gilkey, 29 Mo. App. 211; Koopman v. Cahoon, 47 Mo. App. 357.    (3) And this court will not reverse this judgment in this case for there was no error in said count materially affecting the merits of the case.    R. S. 1899, sec. 865 (and note at bottom); Berkson v. Railway, 144 Mo. 211; Price v. Haeberle, 25 Mo. App. 207.

ELLISON, J.—This action is for damages accruing to plaintiff by reason of killing of his stock while upon defendant's line of railway.    The petition was in four counts.    The first and third were for the same stock. The second and fourth were for the same stock, though not that charged to have been killed in the first and third.    In other words, there are two counts for each of the two killings.    The judgment in the trial court was for plaintiff on the second count and for the defendant on the other three.    The plaintiff appealed from the judgment against him and the defendant sued out a writ of error on the judgment for plaintiff on the second count.

The only complaint made by defendant is that the second

count does not state facts sufficient to constitute a cause of action. That count is as follows:

"Plaintiff for second count states that the defendant is and was at all times hereinafter mentioned, a corporation chartered and organized under the laws of the state of Missouri, and maintaining, managing, operating and running a railroad within this state, which railroad passes through Prairie township, Schuyler county, Missouri.

"That the plaintiff was on the fourteenth day of July, 1899, the owner of certain cattle hereinafter described, which cattle were by consent and contract of the owner placed by the plaintiff on the following lands situated in Prairie township, Schuyler county, Mo., to-wit: The southwest one-fourth of the northwest quarter of section 16, township 65, range 15, which constituted the farm of one Omer Cripps, all of which were inclosed, improved and cultivated by the said Omer Cripps.

"The defendant's railroad passes through the lands hereinabove described; that it was the duty of the defendant to erect on both sides of its said railroad where it passes through the lands aforesaid, lawful fences with openings and gates therein and to construct and maintain good and sufficient cattle guards; that it was the duty of the defendant to fence each side of its said railroad where it passes through the lands hereinbefore described with good lawful fences of rails or posts and planks with openings and gates therein to be hung and have latches and hooks so that they may be easily opened and shut, at all necessary farm crossings of said railroad for the use of the owners of the land adjoining such railroad and also to construct and maintain cattle guards where fences are required sufficient to prevent horses, cattle, mules and all other domestic animals from getting on the said railroad; that the defendant failed and neglected to erect, construct and maintain such lawful fences, gates and cattle

guards where its said railroad passes through the cultivated and improved lands of the said Omer Cripp herein described and that by reason of said failure to erect, construct and maintain the same, on the 14th day of July, 1899, aforesaid, plaintiff's certain cattle, to-wit: Two red yearling graded heifers, of the value of $35 each; one red yearling heifer, graded, of the value of $45; one thoroughbred short horn heifer, duly registered and with pedigree, of the value of $100 went through the fence on the side of the railroad upon the railroad of defendant and were while upon the said railroad, struck by the locomotive and cars, then and there managed, operated and run by the agents and servants of the defendants, and killed; that said animals went upon said railroad not at the crossing of any public or private highway or street over said railroad, not within the limits of any incorporated village, city or town, not within the switch limits of any station or yard of defendant or other public grounds, but a point where the defendant's railroad passed through the cultivated and improved lands aforesaid, and at the point where said animals went upon said railroad, defendant on and before said date, failed and neglected to erect and maintain lawful fences with openings and gates therein as was its duty so to do.

"Plaintiff further says that because of the premises aforesaid he has been damaged in the sum of two hundred and fifteen dollars for which sum he asks judgment with interest thereon at the rate of 6 per cent per annum from the 15th day of August, 1899, and for costs of suit."

The specifications under the general contention of failure to state a cause of action is that the count charges a failure to erect fences of "rails or posts and planks," while the statute only requires "lawful fences" which may be of several other materials than rails, posts or planks, defendant contending that by specifying these three kinds plaintiff excluded all other

kinds of lawful fences, and therefore that he did not negative the erection of some other kind of lawful fence. It will be observed that the count does charge that it was the duty of defendant to erect "lawful fences" on the sides of the road passing through the lands described. It then again charges the duty to fence the road at such place with a "good lawful fence of rails or posts and planks," etc. That it then charges a failure to "construct and maintain such lawful fences," etc. Defendant concedes that it is sufficient to charge the duty and the failure to perform by the general words, "lawful fences." But as just stated, it is contended that the charge here is limited to a lawful fence made of rails, posts and plank.

After giving full consideration to defendant's argument in support of its view of the matter we have concluded that in the absence of a demurrer and after verdict rendered, the count should be held sufficient. In other words, we are of the opinion it would be going too far to join defendant in the assertion that there is a total failure to state a cause of action. By construing the language used in the count with great strictness, it might be said that, though there is a general charge of a duty to erect lawful fences, yet such charge is limited further on to a certain kind of lawful fences. But a fairer and more liberal construction will support the conclusion we have reached. We will therefore affirm the judgment rendered in plaintiff's favor on the count in question.

In plaintiff's appeal there is a motion to dismiss for failure to serve defendant with a proper abstract. The court directed a verdict for defendant on the first, third and fourth counts. It does not appear from the instruction itself or from any part of the printed record whether the court so directed a verdict from a failure of the evidence to make a case or of the counts to state a case. If the instruction was

a demurrer to the evidence the abstract should set out the evidence in full so that we may have an opportunity of considering whether it should have been given. In the abstract presented here by plaintiff there is not a pretense of doing this. There is no abstract of the evidence at all. In plaintiff's statement (a matter wholy apart from the abstract required by statute and rules) there is a short statement made by counsel of what they think the evidence showed. While a statement from attorneys of their opinion of what the evidence showed is quite proper in the statement of a case, it should be accompanied by the evidence itself so that their views may be accepted or rejected as the court may think proper.

After the plaintiff served defendant with a copy of what is termed the abstract, defendant made out and served plaintiff with its brief in answer thereto in which it attacked the paper served upon it as an abstract and filed a motion to dismiss the appeal. After the time for serving defendant under the rules of court had expired, plaintiff filed here "an additional abstract," which purports to contain the evidence in full. But defendant insists upon an enforcement of the rule and we therefore, under numerous decisions of the three appellate courts of the state, must dismiss the appeal. All concur.