WARREN McCULLOUGH, Administrator of Estate of KNIGHT & McCULLOUGH, v. DeWITT, Administrator of Estate of THOMAS H. BOOTH, Appellant.

**Division Two, June 11, 1901.**

1. **Reference: BOOKS OF ACCOUNT: OMISSION.** A judgment on the report of a referee will be affirmed where there are omitted from appellant's abstract and bill of exceptions books of account and other documentary evidence which the bill of exceptions shows were before the referee.

2. ————: **PARTNERSHIP ACCOUNTING: MONEY PAID: NO CREDITS: UNCERTAIN AMOUNTS.** Where, in a suit for a partnership accounting, the books kept by defendant showed sums of money remaining charged on the books, which defendant admitted had been paid to him, and which he never credited, and he also asserted that he had put certain sums of money into the concern, but without giving dates or amounts thereof, and the aggregate of which he was unable to estimate, a judgment on the accounting will not be reversed on defendant's appeal.

Appeal from Sullivan Circuit Court.—*Hon. W. W. Rucker,* Judge.

AFFIRMED.

*D. M. Wilson* and *Hall & Hall* for appellant.

The testimony of plaintiff, Warren McCullough, as to

McCullough v. DeWitt.

the profits on the material sold by defendant was incompetent and should have been excluded by the referee. His cross-examination shows that all he knew about the profits was what his deceased partner, Knight, had told him, and the referee erred in sustaining plaintiff's objections to the cross-examination showing its incompetency. Flynn v. Wahl, 10 Mo. App. 582; Hoskins v. Railroad, 19 Mo. App. 315; Hess v. Railroad, 40 Mo. App. 202; Dunn v. Altman, 50 Mo. App. 231; Courtney v. Blackwell, 150 Mo. 245; Faugue v. Burgess, 71 Mo. 389. The testimony clearly showed that defendant Booth put into the business, while run in the interest of Knight & McCullough, of his own money and means largely, more than $1,350, the amount found by the referee.

*J. M. Winters* and *Perry S. Rader* for respondent.

The judgment and findings of the referee are presumed to be correct and must be affirmed because appellant's abstract shows that certain important evidence admitted at the trial (such as books of account, appraisement, inventory) upon which the referee's findings are based, are omitted from the abstract and bill of exceptions. Doherty v. Noble, 138 Mo. 32; Wentzville Tobacco Co. v. Walker, 123 Mo. 670; Garrett v. Coal Mining Co., 111 Mo. 279; Brand v. Cannon, 118 Mo. 595; Dallas v. Brown, 60 Mo. App. 495; Singer Mfg. Co. v. Givens, 35 Mo. App. 609; Soderberg v. Pierce, 33 Mo. App. 60; Lundell v. Cheney, 50 Minn. 470; Gimbel v. Pignero, 62 Mo. 240; Trimble v. Wollman, 62 Mo. App. 541; Wilds v. Ins. Co., 65 Mo. App. 78; Nolan v. Johns, 126 Mo. 167; Ross v. Ross, 3 Mo. App. 239.

SHERWOOD, P. J.—This suit was brought for an accounting. The matters in issue were committed to a referee,

who heard testimony and made a report to the court. The referee having heard all the evidence, made a careful and elaborate report, in which he found a balance due defendant of $78.74, which, adding interest at the rate of six per cent, amounted to the sum of $83.11.

This report was approved by the trial court and. the exceptions thereto overruled and judgment entered accordingly.

Looking over the evidence, together with the report of the referee, no reason is seen to doubt the correctness of that report. Presumptively such reports possess the quality of correctness, and even if there were some doubt as to the correctness of the referee's findings, still, the inclination of this court would be to uphold the report, inasmuch as the referee had an advantage we do not possess, that of observing the manner and demeanor of the witnesses when on the stand.

In addition to the considerations just mentioned, is the fact that there are omitted from defendant's abstract and bill of exceptions, books of account, and other documentary evidence, which the bill of exceptions shows were before the referee, and on which his findings were based. This point, of itself, would furnish ground for affirming the judgment. [Doherty v. Noble, 138 Mo. 1. c. 32; Wentzville Tobacco Co. v. Walker, 123 Mo. 1. c. 670, and cas. cit.]

Moreover, on the books of the late firm of Knight & McCullough, which passed into the hands of T. H. Booth, there were sums of money remaining charged on such books, which Booth admitted to Grant McCullough had been paid to him, and which he had never credited. Booth asserted that he put certain sums of money into the concern, before buying it out, but of these sums, neither date, amount nor from whence derived, were given; according to his own statement, he kept no book account or memorandum. Nor could he even *aggregate* the sums he thus professedly contributed; all he could say about

it was: "Not exactly aggregate it, *for I called in those amounts and put in the business whatever there was.*"

Such a slap-dash, happy-go-lucky manner of transacting business is not calculated to inspire a large amount of confidence in the accuracy of his business methods.

Judgment affirmed. All concur.