J. W. DIXON, Respondent, v. THOS. S. THOMAS, Appellant.

Kansas City Court of Appeals, January 6, 1902.

1. **Appellate Practice: ABSTRACT: STATEMENT: REVIEW.** A statement presented by the appellant is held sufficient as a statement, but wholly insufficient as an abstract of the record, and does not warrant the appellate court in reviewing the various questions raised by the appellant, such as a demurrer to the evidence, the admission of evidence, sufficiency of the complaint, and the finding of the court, etc.

2. ———: ———: TRANSCRIPT. Appellate court will not look at the transcript of the record except in cases where there is a dispute as to whether some specified matter appears therein.

Appeal from Macon Circuit Court.—*Hon. Nat M. Shelton,* Judge.

APPEAL DISMISSED.

*Bert D. Nortoni* for appellant.

Filed brief on merits.

*Dysart & Mitchell* for respondent.

(1) Appellant complains of the action of the court in admitting testimony of damages on the statement and that the court did not sustain his demurrer to the evidence of plaintiff, and yet in his abstract he utterly fails to set out the statement or any part thereof; he only prints and produces to this court excerpts of the evidence. This complaint can not be heard. The statement did charge damages and there was an abundance of evidence to sustain the finding of the court, as is shown by the small abstract made by the respondent, and the court ought to sustain the finding of the trial court. Christopher v. White, 42 Mo. App. 428; McCarroll v. Kansas City, 64 Mo. App. 283; Goodson v. Railroad, 23 Mo. App. 76.

SMITH, P. J.—This is an action of replevin. The appeal will have to be dismissed since the defendant has utterly failed to file an abstract of the record as required by our rule 15. It is true he has filed a book entitled "Statement" which doubtless meets the requirement of the statute (R. S., sec. 863). But a statement is not an abstract and the filing of the one does not meet the requirement for filing the other.

The defendant in his statement informs us that in the trial court he interposed a demurrer to the plaintiff's evidence and that the adverse ruling thereon by that court is assigned as one of the grounds for the reversal of the judgment. There is not only no abstract setting out such evidence, but in his

Dixon v. Thomas.

statement he only pretends to set forth so much thereof as in his opinion related to the vital points in the case. This is disputed by the plaintiff who declines to furnish a complete abstract but does furnish a partial one setting forth so much of the evidence as in his opinion was sufficient to justify the finding of the court.

The defendant by his assignment also assails the sufficiency of the complaint, but nowhere in his statement do we find such complaint set forth.

The action of the court in respect to the admission of certain evidence is assigned as a further ground of error, but an examination of his statement does not disclose any such evidence or the ground of objection thereto if any was taken.

Complaint is also made that the issues were found for the wrong party. There is nothing presented by any abstract of the record or even in the defendant's statement authorizing a review by us of this or any other of the grounds of his complaint.

He refers us to many pages of the record for the evidence, but it has for a long time been a settled rule of our appellate practice that we will not look at the transcript of the record except in cases where a dispute has arisen as to whether or not some specified matter appears in such transcript.

We can not, therefore, in the face of the objections of the plaintiff, without running counter to well-established rules and precedents, do more than dismiss the defendant's appeal. Jackson v. Railway, 85 Mo. App. 443. Appeal dismissed. All concur.