WM. DEERING & COMPANY, Respondent, v. EDGAR J. HANNAH, Appellant.

Kansas City Court of Appeals, April 7, 1902.

Appellate Practice: ABSTRACT: DEMURRER TO EVIDENCE. Where the ground of appeal is the giving of a peremptory instruction, the abstract must set out the entire evidence before the appellate court will review the action below, since the trial court is presumed to have acted correctly.

Appeal from Putnam Circuit Court.—*Hon. Nat M. Shelton,* Judge.

AFFIRMED.

*Jno. C. McKinley* and *Wattenbarger & Bingham* for appellant.

Deering & Co. v. Hannah.

(1) The court erred in giving the jury a peremptory instruction to find for plaintiff at the close of all the evidence in the case. Rollins v. Marsh, 128 Mass. 116; Windham v. Doles, 59 Ga. 265; Perkins v. Hoyt, 35 Mich. 506; Munroe v. Perkins, 9 Pick. 298; Cooke v. Murphy, 70 Ill. 96; Perkins v. Headley, 49 Mo. App. 556; Truax v. Miller, 48 Minn. 62; Gates v. Steele, 58 Conn. 316; s. c., 20 Atl. Rep. 474; Clark on Contracts, p. 193.

*N. A. Franklin* and *Childers Bros.,* for respondent.

(1) There was no error committed by the court in the giving of the peremptory instruction. Rule 15, Kansas City Court of Appeals; R. S. 1899, secs. 813 and 814; Dawson v. Mack, 86 Mo. App. 120; Halstead v. Stone, 147 Mo. 649; Barkley v. Kobes, 13 Mo. App. 502; Story v. Ragsdale, 30 Mo. App. 196; Monroe Bank v. Finks, 40 Mo. App. 367; Collins v. Barding, 65 Mo. 496; Jefferson City v. Opel, 67 Mo. 394; McKee v. Calvert, 80 Mo. 348; Hermann v. Daily, 74 Mo. App. 505; Marre v. Golding, 81 Mo. App. 470; Jayne v. Wine, 98 Mo. 404; Claflin v. Sylvester, 99 Mo. 276; Thompson v. Allen, 107 Mo. 479; Cunningham v. Railroad, 110 Mo. 208; Long v. Long, 96 Mo. 180.

ELLISON, J.—This is an action on a guaranty executed by defendant to plaintiffs. The judgment in the circuit court was rendered for plaintiffs.

The case was determined by the trial court on a peremptory instruction to find for the plaintiff. In such state of case it has been time and again ruled by this court that the appealing party must set out the entire evidence, so that it may be seen whether the ruling made was justified thereby. Christopher v. White, 42 Mo. App. 429; Distilling Co. v. Lock, 59 Mo. App. 637; Epstein v. Clothing Co., 67 Mo. App. 221; Costello v. Fesler, 80 Mo. App. 107; Jackson v. Railroad, 85 Mo. App. 443.

In this case there is no pretense of such thing. There were a number of exhibits of notes, settlements and contracts between the parties introduced in evidence at the trial. Depositions of witnesses were read in which reference is had to many exhibits filed therewith consisting of documents and letters. None of these exhibits have been presented before this court in the abstract on file. Portions of depositions have been omitted. If this practice should be allowed it would permit a litigant to make a case for himself by omitting from his abstract evidence which might have been considered vital if put before the court. When all the evidence is not presented to us we must assume that the trial court acted correctly, as that portion omitted might be of controlling force. McCullough v. DeWitt, 163 Mo. 306; Doherty v. Noble, 138 Mo. 25; Wentzville Tob. Co. v. Walker, 123 Mo. 662. With the concurrence of the other judges, the judgment is affirmed.