# WHITEHEAD, Appellant, v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY.

### Division Two, June 30, 1903.

1. **Appeal:** DISMISSAL: IMPERFECT ABSTRACT. When appellant's so-
called abstract is so imperfect that it will necessitate the prepara-
tion of one by the court, or the cost and burden of preparing one
will be entailed on the respondent, the appeal will be dismissed.

2. ———: ———: COMPLETE TRANSCRIPT: NO ABSTRACT: DEMURRER
TO EVIDENCE. The appellant states in his brief that defendant de-
murred to the evidence and the court gave the same and directed a
verdict for defendant, yet he files no abstract of the evidence at all,
and the testimony of only three witnesses is mentioned, whereas
eleven other witnesses testified. *Held,* that the appeal must be dis-
missed for failure to comply with rule 13, which provides that "in
all cases where complete transcript is brought to this court in the
first instance, the appellant shall deliver to respondent a copy of his
abstract of the record at least thirty days before the day on which
the cause is set for hearing," etc.

Appeal from Butler Circuit Court.—*Hon. J. L. Fort,*
Judge.

APPEAL DISMISSED.

*Murray & Renfro* for appellant.

The court erred in sustaining defendant's demurrer to plaintiff's evidence, and in instructing the jury to find for defendant. Richard Whitehead was not a trespasser upon the defendant's side track; he was not a mere licensee, he was more than that. While in the car loading freight he was where he had a right to be. He was there by invitation of the railroad company; and while in the performance of his duty, and without any fault on his part, his life was destroyed by a locomotive and train of cars operated by the agents and servants of the defendant. We submit that there is not in this whole record a single fact or circumstance that even tends to prove that any effort was made by the servants of the defendant operating the train to stop this train even after it left the main track. We submit that all of the facts and circumstances that we were permitted to prove in this case raises a strong presumption that those engaged in operating this locomotive and train of cars on this occasion were grossly negligent. Certainly if they had been exercising even ordinary care on this occasion Richard Whitehead would not have lost his life. If it has been shown that Richard Whitehead was without negligence in this case, and that in the collision which occurred, he was killed by the locomotive and train of cars under the control and management of the agents and servants of the defendant, then in such case the plaintiff has made a prima facie case. Booth on Railways, 361; Clark v. Railroad, 127 Mo. 210; Jackson v. Railroad, 118 Mo. 224; Olson v. Railroad, 152 Mo. 426; Hill v. Railroad, 109 N. Y. 239; McCray v. Railroad, 34 S. W. 95; Seybold v. Railroad, 95 N. Y. 566; The Victory, 168 U. S. 410.

*Martin L. Clardy* and *Louis F. Dinning* for respondent.

(1)  The appeal in this cause ought to be dismissed

because appellant has wholly failed to comply with rules twelve and thirteen of this court, in the following particulars, to-wit: Appellant has not filed in this court an abstract of the record, printed in fair type with a complete index at the end thereof, setting forth so much of the record as is necessary to a full and complete understanding of the questions presented to this court for decision, nor has he served the respondent with a copy of the abstract of the record within thirty days before the day on which the cause is set for hearing, nor has he served such copy to this date. Clements v. Turner, 162 Mo. 466; Brand v. Cannon, 118 Mo. 595; Butler County v. Graddy, 152 Mo. 441; Walser v. Wear, 128 Mo. 652; Halsted v. Stone, 147 Mo. 649; Western Storage and Warehouse Co. v. Glasner, 150 Mo. 426; Lawson v. Mills, 150 Mo. 428; Rule 16 of this court; sec. 863, R. S. 1899; Garrett v. Coal Co., 111 Mo. 279; Long v. Long, 96 Mo. 180; Murrell v. McGuigan, 148 Mo. 334; Snyder v. Free, 102 Mo. 325; Craig v. Scudder, 98 Mo. 664; Bank v. Iron Co., 97 Mo. 38; Flannery v. Railroad, Ibid 192; Jayne v. Wine, Ibid 404. (2) Plaintiff's "Brief and Argument" served on respondent and filed in this court is not a compliance with rules 12 and 13, supra, for the following reasons: (a) Because it does not set forth so much of the record as is necessary to a full and complete understanding of all the questions presented to this court for decision, or authorize this court to determine this cause upon its merits. (b) Because said "Brief and Argument" does not show that any trial was had on the amended petition therein copied. (c) Because said "Brief and Argument" does not allege that any judgment was rendered in this cause by the circuit court of Butler county. (d) Because said "Brief and Argument" does not show that any bill of exceptions was ever signed by the judge of the Butler Circuit Court and filed in said cause in the office of the clerk of the circuit court of Butler county. (e) Because said "Brief and Argument" does not state how

this cause was brought to this court, whether by appeal or writ of error. (f) Because said "Brief and Argument" has no index at the end thereof. (g) Because said "Brief and Argument" does not pretend to set out the substance of the evidence introduced at the trial in a narrative form, or otherwise. (h) Because appellant alleges in said "Brief and Argument" that the court, at the close of plaintiff's evidence, instructed the jury to return a verdict for the defendant. On page 9 of said "Brief and Argument" appellant says the court erred in sustaining defendant's demurrer to plaintiff's evidence, and in instructing the jury to find for the defendant. This made it imperative upon appellant that he state in an abstract of the record, the substance, at least, of all the evidence that was introduced at the trial. In said "Brief and Argument" appellant does not pretend to do this, nor set out the testimony which was heard in a narrative form. (i) Appellant names three of the witnesses who testified at the trial. But he does not pretend to give the substance of the testimony of these three witnesses, or detail the same in a narrative form. Eleven other witnesses testified, and their testimony is not mentioned in said "Brief and Argument," nor their names therein referred to.

GANTT, P. J.—This is an appeal from the Butler Circuit Court.

When the cause was reached on the docket counsel for respondent insisted that the appeal should be dismissed for failure to comply with the rules of this court, particularly rules 12 and 13.

It is obvious that counsel for appellant have failed to comply with either the spirit or the letter of those rules.

They were designed to aid this court in grasping a full and complete understanding of the questions presented in the circuit court and it is therefore provided

in rule 13 that "in all cases where a complete transcript is brought to this court in the first instance, the appellant shall deliver to respondent a copy of his abstract of the record at least thirty days before the day on which the cause is set for hearing and file ten copies thereof with the clerk of this court not later than the day preceding the one on which the cause is set for hearing."

In Johnson v. Carrington, 120 Mo. 315, this court ruled that a statement by the plaintiff in error merely giving an abstract of the evidence offered at the trial is not a compliance with rules 12 and 13 and the writ will be dismissed on motion of the respondent.

In this case it does not even appear, except by the designation of plaintiff, that this case was brought here by appeal.

There is no effort to abstract the evidence at all and that only of three witnesses is mentioned, whereas eleven other witnesses testified. The pertinency of this observation will be seen when we note that plaintiff says the circuit court directed a verdict for the defendant and the jury returned a verdict. Now it is evident that if we are to review the action of the circuit court on the demurrer to the evidence we are entitled to an abstract of the testimony of *all,* not merely of three, witnesses.

Moreover, it often happens that a fragment of testimony standing alone appears to be incompetent, or was erroneously excluded, but when viewed in the light of all the testimony and the rulings of the court it is entirely proper or at least harmless. We have been very conservative in the enforcement of these rules, but a number of cases will show that when the appellant disregards the rules to such an extent that his so-called abstract will necessitate the preparation of one by this court, or the burden and cost of so doing will be entailed on the respondent, we have enforced them by dismissing the appeal. [Brand v. Cannon, 118 Mo. 598; Craig v. Scudder, 98 Mo. 665; Garrett v. Coal Mining

Co., 111 Mo. 281; Halstead v. Stone, 147 Mo. 649; Bobb v. Wolff, 148 Mo. 335; Clements v. Turner, 162 Mo. 466.]

As there is not even an effort to file an abstract in this case, and the statement is so utterly insufficient to enable us to pass at all on the demurrer to the evidence, this appeal must be and is dismissed.

All concur.