S. E. MOORE, Respondent, v. JOHN M. HARMES, Appellant.

Kansas City Court of Appeals, February 4, 1907.

1. **JUSTICES' COURTS: Statement: Sufficiency of.** A statement that defendant owed plaintiff ten dollars for trip to W, examination and correction of abstract, is sufficient in a justice's court.

2. **APPELLATE PRACTICE: Abstract: Demurrer: Peremptory Instruction: Evidence.** Unless the abstract shows all the evidence the appellate court cannot pass upon the trial court's action in overruling a demurrer to plaintiff's case and in giving a peremptory instruction for the plaintiff, since the appellate court must assume the trial court's action was proper until the contrary is shown.

3. **TRIAL AND APPELLATE PRACTICE: Motion for New Trial: Record Proper: Bill of Exceptions.** An abstract of the record proper need only show that the bill of exceptions was filed, but exceptions to the action of the court in overruling it must appear in the bill of exceptions and not in the record proper.

Appeal from Benton Circuit Court.—*Hon. Charles A. Denton,* Judge.

AFFIRMED.

D. *Brunjes* for appellant.

(1)   The court erred in giving a peremptory instruction at the close of all the evidence, directing the jury to find for the plaintiff in the amount sued for. Dorsey v. Railroad, 83 Mo. App. 528; Steube v. Christopher, 85 Mo. App. 640; Pauck v. Dressed Beef Co., 159 Mo. 467; White v. Dyer, 81 Mo. App. 643; R. S. 1899, sec. 544; Slaughter v. Davenport, 151 Mo. 26; McLaran v. Wilhelm, 50 Mo. App. 658; Dewey v. Cary, 60 Mo. 224; Harvey v. Mt. Pleasant Township, 70 Mo. 500; Cosgrove v. Leonard, 134 Mo. 425, and authorities there cited. (2)   The court erred in overruling defendant's objection to the introduction of any tes-

timony on the ground that the statement filed by plaintiff did not state facts sufficient to constitute a cause of action. And for the same reason erred in overruling the defendant's motion in arrest of judgment. Such statement constitutes no cause of action. Swartz v. Nicholson, 65 Mo. 508; Brashears v. Strock, 96 Mo. 221; Rosenbury v. Boyd, 14 Mo. App. 429; Nutter v. Houston, 32 Mo. App. 451; Butler v. Robinson, 75 Mo. 192; Hill v. Ore & Steel Co., 90 Mo. 103; State ex rel. v. Baker, 74 Mo. 394; Drug Co. v. Johnson, 80 Mo. App. 428.

*S. E. Moore, pro se,* and *F. Houston* for respondent.

ELLISON, J.—This action was begun before a justice of the peace. On appeal to the circuit court plaintiff prevailed. The action is based on the following statement:

"Plaintiff for cause of action states that defendants owe him the sum of ten dollars for trip to Warsaw, examination and correction of abstract. For which sum of ten dollars the plaintiff prays judgment and for his costs laid out and expended." This statement we regard as in every way sufficient in an action before a justice of the peace and defendant's objections thereto were properly overruled.

At the close of the evidence the trial court gave a peremptory instruction to find for the plaintiff. In the motion for new trial objection was made to such action, as well as to the court refusing a demurrer to the evidence offered by defendant. In passing on the correctness of the court's rulings in these respects, it is necessary that the abstract contain the entire evidence as given at the trial. Defendant has not furnished us with a large part of it, but on the contrary has incorporated into his abstract only his version of what the evidence was. This will not do, for there might very well be some important matter omitted which would change the whole aspect of the case. In other words, we must assume the

court's action was proper until the contrary is shown and as that has not been done and could not be done short of a complete abstract of all the evidence, we must rule the peremptory instruction was properly given.

There is yet another error which would make necessary an affirmance of the judgment, since, we hold the statement to be sufficient. Defendant has set forth the motion for new trial and his exception to its being overruled, in his abstract of the record proper. In that part of his record he only needed to show that the motion for new trial was filed without setting it out and noting his exception to it being overruled. The overruling of a motion is matter of exception and unless that exception is evidenced by the bill of exceptions it will be considered that no exception was taken. While, as just stated, defendant has abstracted the record proper as showing his exception, when he comes to abstract the bill of exceptions showing as the abstract states, "The proceedings at the trial on November 25, 1902, with the rulings of the court and exceptions thereto as preserved in the bill of exceptions are as follows: And we find that nowhere in such bill is there any reference to a motion for new trial or its being overruled or exceptions taken.

The judgment must be affirmed. All concur.