Crohn v. Modern Woodmen of America.

R. S. CROHN, Curator, Respondent, v. MODERN
WOODMEN OF AMERICA, Appellant.

**Kansas City Court of Appeals, June 28, 1910.**

1. **JUDGMENT: Collateral Attack.** If the judgment of a probate
court or a court of general jurisdiction shows on its face tha'
the court rendering it had no jurisdiction, the judgment is void
and may be attacked in a collateral proceeding.

2. **JURISDICTION: Probate Courts: Presumption.** Though Pro-
bate Courts are of limited jurisdiction, yet judgments rendered
in matters of guardianship or probate are entitled to every
presumption of jurisdiction and regularity, as are the judg-
ments of courts of general jurisdiction.

3. **ABSTRACTS: Synopsis by Counsel.** Where the sufficiency of
the evidence to sustain the judgment, is attacked, the appellant
must put the entire evidence in his abstract. The synopsis
made by counsel will not be considered sufficient.

Appeal from Jackson Circuit Court.—*Hon. Thomas J.
Seehorn,* Judge.

AFFIRMED.

*Benj. D. Smith* and *John Sullivan* for appellant.

(1) Where the record affirmatively discloses a
want of jurisdiction the appointment of an adminis-
trator may always be collaterally attacked. 19 Ency.
of Pl. and Pr., p. 841. (2) If a judgment shows on
its face that it is void for want of jurisdiction, either
of the parties or the subject-matter, it is a mere nullity
and it may be collaterally impeached by any person
interested, wherever it is brought in question. 23 Cyc.
1059; Jewett v. Broadman, 181 Mo. 647; Caffery v.
Coal Co., 95 Mo. App. 174; Cox v. Boise, 152 Mo. 576.
(3) When a court of general jurisdiction proceeds
in the exercise of a special power wholly derived from

statutes and not exercised according to the course of common law, and not pertaining to its general jurisdiction, its jurisdiction must appear in the record and cannot be presumed in a collateral proceeding. 23 Cyc. 1081; Eaton v. St. Charles County, 76 Mo. 492. (4) Where the facts upon which the court assumes jurisdiction are recited in the record and appear by it to have been such as would not in law confer jurisdiction, the judgment may be impeached collaterally, for in this case there can be no presumption in aid of the judgment that the recitals in the record are not correct and not complete. 23 Cyc. 1089; Laney v. Garbee, 105 Mo. 355. (5) The pretended service of notice upon Ida Masden by process delivered to her in the State of New York was null and void and no jurisdiction of the party was conferred by reason thereof. Pennoyer v. Neff, 95 U. S. 714. (6) A stranger to a proceeding may attack a judgment collaterally and show that it was rendered without jurisdiction. 12 Ency. Pleading and Practice, 202, 23 Cyc. 1068; Russell v. Grant, 122 Mo. 161.

*E. H. Gamble* and *Rosenberger, Taylor & Reed* for respondent.

(1) The court cannot pass on the sufficiency of the evidence to support the verdict for the reason that appellant has not presented all the evidence as given at the trial and has presented only its version of what a portion of the evidence was. Moore v. Harmes, 123 Mo. App. 35; Litts v. Railroad, 131 Mo. App. 281; Deering v. Hannah, 93 Mo. App. 619; Vandeventer v. Goss, 190 Mo. 239. (2) The action of the probate court in appointing the curator was valid. Johnson v. Beazley, 65 Mo. 250; Desloge v. Tucker, 196 Mo. 601; State v. Holman, 93 Mo. App. 618; Hadley v. Bernero, 103 Mo. App. 557; Griesel v. Jones, 123 Mo. App. 57; In re Estate of Davison, 100 Mo. App. 268; Robbins v. Boulware, 190

Mo. 43; Cowan v. Mueller, 176 Mo. 198, 22 Cyc. 1121; Ryan v. Kelly, 9 Mo. App. 398, 32 Cyc. 509; Smith v. Ponath, 17 Mo. App. 262; In re Tucker, 74 Mo. App. 334; McKenzie v. Donnell, 151 Mo. 451; Overton v. Johnson, 17 Mo. 442; Rugle v. Webster, 55 Mo. 246; Wilkerson v. Allen, 67 Mo. 502; Kiehne v. Wessell, 53 Mo. App. 667.

ELLISON, J.—Plaintiff alleges that he is the curator of the estate of Ida Muench, who was so afflicted with insanity as not to be able "to transact business or to protect herself in the ordinary affairs of life." That he was duly appointed to such curatorship by the probate court of Jackson county. He then further alleges that defendant issued to Berthold Frank Muench a benefit certificate of insurance in the sum of two thousand dollars, payable at his death to said Ida, who was his wife. Refusal of payment is then alleged and judgment is asked for the amount. Plaintiff prevailed in the trial court and defendant in due time appealed.

It is first insisted that the judgment of the probate court of Jackson county appointing plaintiff to the curatorship of the property of Ida Muench, is void on its face and that therefore it may be attacked in a collateral proceeding. We will concede that as a proposition of law, and proceed to inquire as to the fact. The judgment recites the trial of the inquiry as to the mental condition of Ida Muench and that she had "had due and legal notice of this proceeding." That she was not present, being in the State of New York, and that an attorney was appointed to represent her; that a trial was had before a jury who returned a verdict that she was possessed of property and was of "unsound mind and incapable of managing her affairs." That the court thereupon adjudged that she was a person of unsound mind and incapable of managing her affairs, and that she was possessed of property. Whereupon

plaintiff, "the public administrator and ex officio public guardian and curator, be made and is hereby appointed curator of the estate of Ida Muench."

In our opinion the judgment upon its face is valid. It is the result of a proceeding which is authorized by our statute where there is a non-resident insane person with property in this State. [R. S. 1899, sec. 3699.]

. Though probate courts are of limited jurisdiction, yet in matters wherein their original jurisdiction is exclusive their judgments are entitled to all the presumptions which protect the judgments of courts of general jurisdiction. This has been the view taken by the appellate courts of the State ever since the case of Johnson v. Beazley, 65 Mo. 250. In Desloge v. Tucker, 196 Mo. 587, it is said that "If the attack were a collateral one it would be without merit, because, though probate courts are courts of limited jurisdiction, yet, moving in the orbit of their constitutional and statutory powers, in the administration of estates, they are not inferior courts, and the same liberal presumptions and intendments are indulged to sustain their proceedings and jurisdiction (attacked collaterally) as are indulged in behalf of other courts of record."

But defendant takes its objection further than the face of the judgment and asserts that the evidence of the proceeding in the probate court, of which the judgment was the result, shows there was no jurisdiction. Judging from what evidence is presented we do not agree to this. But passing that by, it brings us to a consideration of an objection made by plaintiff to the abstract presented by defendant. That objection is that not only is there no abstract of the entire evidence on the subject involving the inquiry as to the question of jurisdiction of the probate court, but there is no sufficient abstract of any part of the trial of the case. We find this to be true. The abstract sets out the pleadings and proper record entries, but as to the bill of ex-

ceptions we have what is really only the opinion of defendant's attorney as to what the evidence was. By this mode the original matter in the bill of exceptions has been cut down at the rate of from about four pages to one. Defendant's case on this appeal consists in an attack upon the sufficiency of the evidence. Every objection to the judgment is traceable to the evidence in the cause. It has been ruled time and again, in such case, that it was necessary to set out all of the evidence so that the judgment of the court might be had instead of that of the attorney making out the abstract. [Johnson v. Carrington, 120 Mo. 315; Goodson v. Ry. Co., 23 Mo. App. 76; Vandeventer v. Goss, 190 Mo. 239; Moore v. Harmes, 123 Mo. App. 34; Deering v. Hannah, 93 Mo. App. 618; Letts v. Ry. Co., 131 Mo. App. 1. c. 281.] Plaintiff has printed and filed extracts from the original bill of exceptions and compared them with the abstract and has thereby demonstrated the incomplete and wholly insufficient showing of the evidence. When the attack of an appellant is ·upon the insufficiency of the evidence we must have the evidence, entire, laid before us.

Defendant seeks to escape the points thus made against its abstract by the assertion that the authorities above cited were applicable to the rules of this court before June 30, 1908, when it says Rule 17 was amended in such way as to permit an abstract such as it has presented. It asserts that this court doubtless made the amendment to relieve the strictness required by the cases cited. Defendant is mistaken; we have not amended our rules on the date named, or at any other time.

The foregoing views make it unnecessary to say whether defendants has presented to us a bill of exceptions identified as required by Reno v. FitzJarrell, 163 Mo. 411; State v. Baty, 166 Mo. 561; State v. Weinegard, 168 Mo. 490; McCord Rubber Co. v. St. Joe Water

Co., 181 Mo. 678; Clay v. Union Wholesale Pub. Co., 200 Mo. 665.

We therefore have nothing for consideration in addition to the foregoing, save the record proper, and an examination of that satisfies us that no error was committed, and the judgment is accordingly affirmed. All concur.