JULIA GORKA, RESPONDENT, v. JOHN GORKA, APPELLANT.[*]

Kansas City Court of Appeals. June 6, 1927.

*Corpus Juris-Cyc References: Appeal and Error, 4CJ, p. 521, n. 76; p. 535, n. 8; p. 1115, n. 37 New; Divorce, 19CJ, p. 190, n. 94; p. 329, n. 66; Injunctions, 32CJ, p. 83, n. 51; p. 375, n. 65.

*Irwin & Bushman* and *H. P. Lauf* for respondent.

*Dumm & Cook* and *D. W. Peters* for appellant.

WILLIAMS, C.—This is a suit for divorce and alimony and for an injunction preventing defendant and others from disposing of certain certificates of deposit.

The first question presenting itself for solution is whether or not we can review the evidence in the divorce suit. All the evidence is not set out in the appellant's abstract. The respondent filed an additional abstract in which he sets out evidence not included in appellant's abstract thus showing all the evidence is not before the court. In the case of Craven v. Midland Milling Co., 228 S. W. 513, l. c. 515, the court said:

"It has long been the rule in this State that an appellate court will not review the rulings of the trial court in sustaining or refusing a demurrer to the evidence, unless the abstract of record contains all of the evidence. [Whiteheat v. St. L., I. M. & S. Ry. Co., 176 Mo. 475, 479, 75 S. W. 919; Harrison v. Pounds, 190 Mo. 349, 88 S. W. 713; Vandeventer v. Goss, 190 Mo. 239, 88 S. W. 610; Milling Co. v. Hanebrink, 247 Mo. 212, 152 S. W. 354, Ann. Cas. 1914B, 875; Halstead v. Stone, 147 Mo. 649, 49 S. W. 850; Tatum v. Anderson, 8 Mo. App. 574; Tozer v. Clark, 8 Mo. App. 577; Taussig v. St L., K. C. & N. Ry. Co., 8 Mo. App. 578; Distilling Co. v. Lock, 59 Mo. App. 637; Jackson v. Wabash Ry. Co., 85 Mo. App. 443; Deering v. Hannah, 93 Mo. App. 618, 67 S. W. 714; Moore v. Harmes, 123 Mo. App. 34, 99 S. W. 764; Goodson v. Modern Woodman of Amer., 194 Mo. App. 666, 675, 189 S. W. 394.] And the practice of setting forth the tendency of the evidence, instead of copying it *in haec verba,* where the propriety of a demurrer to the evidence is raised, has been expressly condemned."

Again the court said: "Respondent in its additional abstract disputes the abstract of appellant, but it declines to furnish a complete abstract, furnishing only a partial one, setting forth part of the omitted evidence and other matters going to show that appellant has filed here a very incomplete and garbled abstract. This seems to have been the proceeding in the case of Dixon v. Thomas, 91 Mo. App. 364, 366."

While the cases cited are not divorce suits, still the underlying reason of the rule is, that, when the court has to pass upon all the evidence in reviewing the decision of the circuit court, of necessity, all the evidence must be before the reviewing court. We think under this rule the abstract of appellant is fatally defective, and the ruling of the circuit court as to a divorce and alimony will not be reviewed.

Under the authority of State ex rel. Dolman v. Dickey, 288 Mo. 92, we will review the record proper.

The record proper shows that a temporary injunction was issued restraining John Gorka from receiving or taking into his custody, any funds belonging to him on deposit in the name of Alice Hays, and restraining Alice Hays from using any funds deposited in her

name by John Gorka; also the order restrained three banks in Jefferson City from paying any money deposited in the name of John Gorka and Alice Hays, or Alice Hays.

Upon the trial of the case the temporary injunction was made permanent so long as the judgment and costs and $400 alimony to plaintiff and $100 attorney's fees remained unpaid. The judgment further recites that the temporary injunction theretofore granted against the Exchange Bank of Jefferson City is dissolved.

Mary Hays is not a party to the suit, neither were the banks joined as parties.

An injunction operates *in personam*, and a party cannot be enjoined unless he is before the court as a defendant. No less an authority than the United States Supreme Court in Scott v. Donals, 165 U. S. 107, 1. c. 117, has, upon this question, said: "The decree is also objectionable because it enjoins persons not parties to the suit. This is not a case where the defendants named represent those not named. Nor is there alleged any conspiracy between the parties defendant and other unknown parties."

This rule is stated in Adolph Schalk v. Jacob Schmidt, 14 N. J. Equity 268, 1. c. 269 and 270, in the following language: "The order enjoining the landlord from making sale under his distress is asked to be set aside on the ground that the landlord is not a party to the suit. In Iveson v. Harris, 7 Vesey 256, 257, Lord ELDON said: 'I have no conception that it is competent to this court to hold a man bound by an injunction who is not a party in the cause for the purpose of the cause. I find the court has adhered very closely to the principle, that you cannot have an injunction except against a party to the suit.' This language of Lord ELDON was adopted and approved by Chancellor KENT, in Fellows v. Fellows, 4 Johns, Ch. R. 25. Such is undoubtedly the well-settled general rule. [Dawson v. Princeps, 2 Anstruther 521; Drewry on Inj. 346; 1 Eden (Waterman's Ed.), 13, Note; 2 Ibid, 371-2.] It is an obvious dictate of reason and justice that the court will not determine the rights of a party who is not before the court. [Inchiquin v. French, Ambler 34.]"

An exception is noted in Schalk v. Schmidt, supra, as follows: "There are exceptions to the general rule, but they will be found to consist either of cases where the party enjoined is the mere solicitor, or agent, or tenant of a party to the suit having no rights involved in the controversy, or where the right has been already determined."

The Springfield Court of Appeals in the case of State ex rel. McElvain v. Riley, 276 S. W. 881, seems to have recognized another exception to the rule, but the case at bar comes within neither exception.

In Almy v. Platt, 16 Wisc. 169, it has been held that a garnishee is a defendant, but no garnishment has been served in this case.

The case of State ex rel. McElvain v. Riley, supra, is relied upon by respondent as authorizing the injunction. This was an original action in the Springfield Court of Appeals for a writ of prohibition. The original opinion holds that the Citizens Trust Company had a substantial interest in the subject-matter, and that no attempt was made to bring the Citizens Trust Company into court, and that the Citizens Trust Company was not a party to the suit and therefore to enjoin the Trust Company was not within the power of the court. Upon this showing, in that case, the temporary writ was made permanent. In the opinion on rehearing the court relaxes the rule somewhat and says: "To avoid further controversy it now seems proper to decide that question. In divorce proceedings, when the rights of children are involved, the courts have ever been actuated by the guiding star of the children's welfare. The powers of a court of equity to protect the rights of minor children are very comprehensive, and necessarily should ever be so."

We do not construe the opinion of the Springfield Court of Appeals as being in conflict with the opinion herein expressed as the rights of no minor children are involved in the case at bar.

It is further contended that the case of Nora F. Snorgrass, v. A. J. Thomas, Trustee of the Estate of William P. Snorgrass, Deceased, 166 Mo. 603, is in point. Mary Hays nor the banks are in a position to complain in this case as they are not before the court as parties, and therefore their rights cannot be adjudged.

If Alice Hays or the banks were being cited for contempt, the case of State ex rel. v. McQuilin, 260 Mo. 164, would be in point.

In State ex rel. v. Williams, 221 Mo. 227, a writ of prohibition was sought to restrain the circuit judge. No such question is presented by this record.

Albers v. Spencer, 236 Mo. 608, is not a case that throws any light upon the questions presented in this record.

That part of the decree which seeks to restrain those not parties to the suit will be reversed; as to all else the case is affirmed. Costs of the appeal to go against the appellant. *Frank, C.,* concurs.

PER CURIAM:—The foregoing opinion by WILLIAMS, C., is adopted as the opinion of the court. *Bland* and *Arnold, JJ.,* concur; *Trimble, P. J.,* absent.