Clements v. Turner.

---

## CLEMENTS, Appellant, v. TURNER et al.

**Division One, May 14, 1901.**

**Failure to Comply With Rule: NO ABSTRACT: DISMISSAL.** This case is in the Supreme Court on a complete transcript. No abstract of record was filed. The statement fails to state the nature of the suit, or the substance of the pleadings, or what, if any, judgment was rendered, or what proceedings were had in the case, or whether motion for new trial or a bill of exceptions was filed. *Held,* that the case must be dismissed because of a failure to comply with rules 12 and 13 which require an abstract sufficient to give a full and complete understanding of all questions presented to this court for decision.

Appeal from Louisiana Court of Common Pleas.—*Hon. Reuben F. Roy,* Judge.

APPEAL DISMISSED.

*Pearson & Pearson* and *Ball & Sparrow* for appellant.

*J. D. Hostetter* for respondents.

MARSHALL, J.—There is a total failure in this case to comply with rules 12 and 13 of this court. The case is here upon a complete transcript, and the appellant has wholly failed to file any abstract of the record whatever. He has filed a statement, but even that fails to state the nature of this suit or the substance of the pleadings, or when or where it was instituted or tried, or what, if any, judgment was rendered, or what proceedings were had in the case, or whether a motion for new trial was filed, or whether a bill of exceptions was filed, or whether the case is here by appeal or writ of error, or how it got here.

There is an assignment of errors filed in which it is claimed that the court erred in admitting illegal and improper evidence offered by defendants, and in making its finding and rendering a judgment for defendants, and in not finding the facts for plaintiff. But there is nothing to show what evidence was introduced, or what the facts developed upon the trial were, or what the ruling of the court was upon any question tried. The statement of the appellant, even could it be allowed to stand for an abstract of the record such as rules 12 and 13 require, is wholly insufficient to give a "full and complete understanding of all the questions presented to this court for decision." The only facts stated are, that Mrs. Whitesides, a married woman, owed James B. Grimes a promissory note, dated March 18, 1888, for $299.65; that when she executed the note she owned certain separate estate in Lincoln county, which she sold, and invested the proceeds in the purchase "of the real estate here in dispute;" that Grimes's administrator obtained judgment in the circuit court of Pike county against

Mrs. Whitesides, "subjecting the real estate here in dispute to the payment of said judgment;" that Mrs. Whitesides appealed to the St. Louis Court of Appeals, without bond; that pending the appeal an execution was issued on the judgment, the land sold, and the plaintiff became the purchaser at the sheriff's sale; that plaintiff had no notice of the appeal; that defendant John D. Fields traded for the property pending the Grimes suit; that he knew of the pendency of the suit and was told that if he purchased the property he would do so at his peril; that Fields prosecuted the appeal in the Grimes-Whitesides case, although in Mrs. Whitesides' name; that Fields had actual notice of the nature of the Grimes suit, as did also his attorneys, before he traded for the real estate; that the St. Louis Court of Appeals reversed and remanded the Grimes-Whitesides case, and the case was afterwards dismissed.

This is not a compliance with rules 12 and 13 which require an abstract of the complete record to be filed, which "shall set forth so much of the record as is necessary to a full and complete understanding of all the questions presented to this court for decision," and further require the substance of the pleadings, and the evidence in narrative form, to be set out, and that "in all other respects the abstract must set forth a copy of so much of the record as is necessary to be consulted in the disposition of the assigned errors."

What is stated by the appellant relates more to the case of Grimes v. Whitesides, than it does to the case at bar. At any rate, it can not be determined from what is so said whether this is an action at law or in equity, when or how or where it was instituted, what relief the plaintiff asked, what defense was set up, what evidence was offered, admitted or excluded, what instructions were given or refused, what judgment was rendered, or whether the trial court was given an opportunity to correct alleged errors by a motion for a new trial, what exceptions, if

any, were saved to any proceeding in the case, whether any bill of exceptions was ever filed or whether any appeal was ever asked or granted.

There is, therefore, not only a failure to comply with rules 12 and 13, and with section 2301, Revised Statutes 1889, but also nothing before this court which this court will review. [Walser v. Wear, 128 Mo. 652; Brand v. Cannon, 118 Mo. 595; Halstead v. Stone, 147 Mo. 649; Western Storage Co. v. Glasner, 150 Mo. 426; Lawson v. Mills, 150 Mo. 428; Sieferer v. St. Louis, 141 Mo. l. c. 592; Reynolds v. Railroad, 146 Mo. 126, and cases cited.]

If this be an action at law this court will not review the judgment of the trial court on questions of fact, if there is any substantial evidence to support it, and as no evidence is set out and no errors of law pointed out and no exceptions saved to anything that the trial court did, there is nothing open to review.

The appeal is, therefore, dismissed for failure to comply with the rules.   All concur.