J. J. McQUEEN, Respondent, v. A. J. GROFF, Appellant.

Kansas City Court of Appeals, March 7, 1904.

APPELLATE PRACTICE: Full Transcript: Abstract. Although the appeal be taken in the long form upon a full transcript, yet the appellant is still required to print an abstract under section 874, Revised Statutes 1899, and the appellate court will not go to the transcript to ascertain whether the errors spoken of exist.

Appeal from Maries Circuit Court.—*Hon. J. E. Hazell,* Judge.

AFFIRMED.

*Leslie B. Hutchison* and *Jno. O. Holmes* for appellant, filed brief on merit.

*Pope & Terrell & J. T. Pinnell* for respondent.

The respondent submits that the appellant's abstract does not comply with rule 15 of this court in this that it does not contain a clear and concise statement of the pleadings and facts shown by the record therein. The abstract does not state when the affidavit for appeal was filed, nor contain a copy thereof, or state when appeal was granted, or set out enough of the evidence to enable the court to determine whether the demurrer to the evidence was properly overruled, or whether proper judgment was rendered on verdict. All this is required by the rule, and this court will not consider the case in the absence of these essentials in the abstract. Western Storage and Warehouse Co. v. Glasner, 150 Mo. 426; Snoddy v. Jasper Co., 146 Mo. 112; Journeyman T. U. v. C. J. T. Union, 76 Mo. App. 680; Herman v. Dailey, 74 Mo. App. 505; Grocery Co. v. May, 80 Mo. App. 300; Costello v. Fisler, 80 Mo. App. 107; Butler County v. Graddy, 152 Mo. 441; Brassfield v. Knight of M., 92 Mo. App. 102; Smith v. Baer, 166 Mo. 392; Jackson v. Railroad, 85 Mo. App. 443; Deering v. Hannah, 93 Mo. App. 618; Dixon v. Thomas, 91 Mo. App. 364; Ely v. Coontz, 167 Mo. 371; State ex rel. v. Fields, 82 Mo. App. 152.

ELLISON, J.—This action was brought by plaintiff on account of defendant having willfully torn down his fence whereby his field of wheat was exposed to live stock and greatly damaged. There was a verdict for

plaintiff for forty dollars, which the court doubled and added thereto a penalty of five dollars as is provided by statute. Judgment was thereupon rendered for the total sum of eighty-five dollars.

The appeal is taken in the long form, that is, a full transcript has been filed in this court. And on that account defendant seems to have concluded that a printed abstract is not required, for in referring to the points of objection to the proceedings at the trial, the sufficiency of the evidence, etc., he refers to the pages of the transcript where he states we may find the evidence, or other matter, going to sustain his view. This can not be allowed, as has been so often ruled by the appellate courts of the State. A collection of the cases has been made by plaintiff and will be found in his brief.

It is true that the abstract contemplated by section 813, Revised Statutes 1899 (old section 2253, Revised Statutes 1889) is the abstract required where the appeal is taken in the short form and a full transcript is not sent up to the appellate court. But, there is another statute, which has been in force for many years, which authorizes the appellate courts to require printed abstracts of the record in all cases. Section 874, Revised Statutes 1899.

The only abstract made is that of the record proper, but it does not include those matters of exception which are found in a bill of exceptions. Unless we put aside what defendant has printed and go into the transcript itself, we have no means of ascertaining whether the errors spoken exist. We are thus remitted to the record proper, and finding no error therein we affirm the judgment. The other judges concur.