H. J. MINK, Defendant in Error, v. F. O. CHESNEY, Plaintiff in Error.

Kansas City Court of Appeals, March 6, 1905.

APPELLATE PRACTICE: Long Appeal: Abstract. Though a complete transcript of the case be filed in the appellate court the plaintiff in error must make an abstract under Rule 15 as provided in section 874, Revised Statutes, 1899, and failure to do so will be followed by a dismissal of the writ of error.

Error to Jasper Circuit Court.—*Hon. Hugh Dabbs,* Judge.

WRIT OF ERROR DISMISSED.

*James J. Hitt* for appellant, filed brief on merits.

ELLISON, J.—In this case there is a motion to dismiss the writ of error for two reasons; one, that no notice of its issuance was given; and the other, that no abstract of the record has been filed. Since there is a dispute as to whether notice was given to respondent of the writ of error, we will pass that by and go to the second ground for dismissal.

The plaintiff in error has filed a complete transcript of the case. In other words, he has brought up the case on what is known as the long form. He now says that when an appeal or writ of error is by the long form, there need not be an abstract. That is an error which one is led into by his assuming that section 813, Revised Statutes 1899 (old section 2253, Revised Statutes 1889) is the only statute giving authority to require abstracts. That section, it is true, only applies to cases brought to the appellate court by the short form. But there is another statute (section 874, Revised Statutes 1899, old section 2312, Revised Statutes 1889), which gave authority to require printed abstracts before the enactment of the short form mode of appeal. So the fact that a full transcript is sent up is no excuse for failure to make and file an abstract. This was expressly ruled and explained in McQueen v. Groff, 105 Mo. App. 165.

The cases of Halstead v. Stone, 147 Mo. 649 and Clements v. Turner, 162 Mo. 466, were each taken to the Supreme Court by the long form, yet it was ruled that abstracts must be filed in compliance with the rules of that court. Our Rule 15 was adopted and in force under authority of a statute adopted in 1883 and carried forward into the revision of 1889 as section 2312, and of 1899 as section 874.

The writ of error will be dismissed. All concur.