# McCLELLAN, Appellant, v. POWELL et al.

### Division Two, June 19, 1906.

**APPEALS: No Sufficient Abstract: Examining Transcript.** The
court will not in a civil case go through the transcript to ascertain what the issues were and to cull out the evidence offered at the trial. The rules of the court require such an abstract as will give the court a complete understanding of the case, and where the abstract does not contain the petition, and sets out meagerly only parts of the evidence, and omits the contract upon which the suit seems to be based, the judgment will be affirmed or the appeal dismissed.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley*, Judge.

AFFIRMED.

*C. G. Shepard* for appellant.

*Russell & Deal* for respondents.

The abstract of the record is very incomplete and is wholly insufficient to enable the appellate court to have a full and complete understanding of the questions presented for review. Respondents ask that the appeal be dismissed for failure to comply with rule 13 of this court. If this abstract is sufficient, then, indeed, have litigants expended uselessly large sums of money in preparing abstracts heretofore. Mitchell v. Mitchell, 191 Mo. 475.

FOX, J.—This cause is here by appeal on the part of the plaintiff from a judgment of the circuit court of Pemiscot county, Missouri, in favor of the defendant.

At the very threshold of the consideration of this case it is manifest that the abstract of record filed by the appellant absolutely fails to comply with the rules of this court. This abstract does not purport to em-

brace the petition as filed in the circuit court of Pemiscot county, but simply undertakes to give the substance of it. The nature and character of the cause of action is thus indicated in the abstract:

"Plaintiff for his cause of action respectfully states, that on the 21st day of April, in the year 1900, the defendants representing to be owners in fee of certain real estate, lying and being in the county of Dyer, and State of Tennessee, on which there was then and at that time standing and growing upon said land certain valuable timber suitable to be converted into valuable and marketable lumber. The land on which said timber then was standing is described as follows by partial bounds and meets and distances as follows, to-wit: Lying and being in Dyer county, State of Tennessee, bordering on the Mississippi river, commencing at or near the south side of the mouth of Blue Bank Bayou, and thence running due east a distance of two miles more or less, thence south one-half mile more or less, thence west two miles more or less, to the Mississippi river, and generally known as the Dan Wheaton land No. 2, and the Alexander Connor tract aggregating *in toto* nine hundred and fifty-seven and one-half acres.

"Plaintiff further states that relying upon said representations as aforesaid, one Chas. G. Shepard and J. H. Powell were induced to purchase said timber then standing and growing upon said land as aforesaid, for which they then and there paid the defendants valuable consideration, to-wit, the sum of one thousand dollars, or other large sum, and then and there taking from said defendants jointly a written conveyance for same, and immediately went upon said land and commenced to cut and fell the timber thereon as per the terms of said conveyance made.

"The petition further states that plaintiff acting in good faith and being guided by the terms of said contract between defendants and C. G. Shepard and J. H. Powell bought of the said C. G. Shepard and J. H.

Powell, the contract for the sale of said timber on the 22nd day of June, 1900, and paid therefor a valuable consideration in the sum of $350, which said transfer and conveyance from the said C. G. Shepard and J. H. Powell to plaintiff is fully set out in the transcript in this case. The petition further states that at the time defendants entered into the contract with C. G. Shepard and J. H. Powell for the sale of the timber mentioned which said contract was later bought from the said C. G. Shepard and J. H. Powell by the plaintiff, being the same contract sued on, that defendants were not then and at that time the owners in fee of said land neither were they entitled to the possession of all of said land as claimed by defendants, but in reality were owners in fee of one-half of said land or less, that the main tract of land on which the most valuable timber was at the time and is now standing, was sold under execution by the sheriff of the county of Dyer, State of Tennessee, to one R. M. Hall, of the county and State aforenamed.

"The petition further states that defendants not being the owners of the land mentioned and of which he had purchased the timber, he was unable to cut said timber, the real owner preventing him from cutting and removing same, and defendants failed to keep him in possession of said land, he was damaged in the sum of $7,000, for which amount he prayed judgment."

There is very little evidence recited in this abstract. The certified copy of the writ of injunction and the record in Dyer county, Tennessee, is not embraced in said abstract, but a mere reference to it is made and then we are directed to see the transcript on page 22.

It is apparent from the record before us that the origin of this suit is from a sale of certain timber upon land in Dyer county, Tennessee. It appears from the substance of the petition as embraced in the abstract of record that the assignors of the plaintiff in this case purchased this timber and at the time of the purchase

took from the defendants jointly a written conveyance for this timber standing upon the land in Dyer county, Tennessee, and this action seems to be predicated upon a breach of the warranties contained in such conveyance. There is an entire absence from this abstract of the conveyance, nor does the petition undertake to allege what the terms of such conveyance were. There is also an entire absence of any testimony on the part of the plaintiff as to what were the terms of this conveyance. First, this abstract fails to show the filing of a petition which stated a cause of action. Second, the recitation in the abstract of the testimony is so meager that this court is unable to determine the theory upon which the cause was submitted to the jury. It will be observed that the petition in this cause simply alleges that the defendants executed a conveyance to plaintiff's assignors, C. G. Shepard and J. H. Powell, and the court is left to guess or conjecture as to what were the terms of such conveyance. So far as this record discloses the conveyances made to this timber may have been simply a quit-claim deed with no warranties of title to the land; hence it is apparent that this petition states no cause of action which would authorize a recovery for damages or breach of contract, or warranties. If plaintiff is entitled to recover for a breach of the contract or warranties in the conveyances made by the defendant, it is absolutely essential that the terms of such contract shall be set forth in the petition that the court may determine as to whether or not it was such a conveyance or contract as contained an express warranty of title to the land upon which this timber was growing, or whether such warranties were to be implied from the terms of the contract. This is fatal to this proceeding. There is but slight portions of the evidence embraced in the abstract of record. The necessities and requisites of an abstract of record in pursuance of rule 13 of this court, are fully set forth and all the authorities reviewed in Mitchell v. Mitchell, 191

Mo. 475, and an examination of the abstract of record filed in this cause makes it manifest that it fails to comply with the essential requirements as announced in that case.

For the reason that the petition as indicated in the abstract of record fails to state a cause of action, and for failure to comply with the rules of this court in respect to the filing of a proper abstract, the judgment in this cause should be affirmed, and it is so ordered.

All concur.