EVINS v. SANDEFUR-JULIAN COMPANY.

Opinion delivered December 10, 1906.

1. SPECIFIC PERFORMANCE—PART PERFORMANCE.—One who takes possession of land under a verbal contract to exchange other land for it

and· makes improvements under such contract is entitled to specific performance of. the contract of exchange. (Page 73.)

2. EXECUTION—INTEREST SUBJECT TO.—One who is entitled to specific performance of a verbal agreement to exchange land has an interest therein that is subject to seizure and sale under execution. (Page 73.)

Appeal from Yell Chancery Court; *Jeremiah G. Wallace,* Chancellor; affirmed.

*John M. Parker,* for appellant.

1. The conditional agreement relied on to vest title in George Julian was verbal, and not enforcible under the statute of frauds. Kirby's Digest, § 3654; 37 Ark. 145; 3 Am. & Eng. Enc. of L. 424, note 1.

2. Appellee having failed to produce a deed to Geo. Julian for the lot, or a certified copy thereof, and no reason being given for its non-production, his testimony was incompetent· to prove its existence. 4 Ark. 574; 28 Ark. 8; 7 Am. & Eng. Enc. 1 Ed., 87.

3. It was error to permit the sheriff's return on the execution to be introduced in evidence for the purpose of proving that Sandefur-Julian Company claimed title to the lot. If the return was admissible, it nevertheless fails to establish a legal sale, in that it does not show that notice of such sale was published in the manner and for the time prescribed by law, or that the land was sold at the place and on the terms required by law. Kirby's Digest, § § 3274, 3275, 3281.

4. Appellant having the legal title to the lot, and paying the taxes thereon since 1894, when it was abandoned by Julian, has also held, through his tenants, peaceable, open, adverse and continuous possession for more than seven years. He is entitled to the possession of the lot and the house thereon. Kirby's Digest, § 5056; 34 Ark. 534.

5. Appellees, if they are entitled to claim by adverse possession, not having specially pleaded the statute, can not avail themselves thereof to defeat the title of appellant. 78 Ark. 209.

*Bullock & Davis,* for appellees.

1. Taking possession of the lot and erecting a building thereon with the knowledge and consent of appellant, pursuant to the parol agreement to exchange lots, took the case out of the

statute of frauds, and vested Geo. Julian with the equitable title. 8 Ark. 272; 19 Ark. 23; 30 Ark. 249; 42 Ark. 246. One who stands by and acquiesces while valuable improvements are being made and money being expended on his property can not afterwards interfere with the possession of one thus improving the property. 33 Ark. 490; 46 Ark. 109; 51 Ark. 235; 74 Ark. 136.

2. On the objection as to the competency of testimony, the presumption is that the chancellor has considered only that part of the testimony which is competent. 76 Ark. 153.

3. It being proved that the deed of the sheriff, made pursuant to the sale under execution, was lost without having been recorded, it was proper to permit the sheriff's return on the execution to be introduced, as tending to show a claim of title upon which to base proof of title by adverse possession.

4. The allegation that Sandefur-Julian Company have been in undisputed possession from the date of the execution sale in June, 1897, until in August, 1904, was a sufficient plea of the statute of limitation. 80 Ark. 181.

5. The findings of the chancellor will not be disturbed unless contrary to the weight of evidence. 71 Ark. 605; 73 Ark. 489.

BATTLE, J. After hearing all the evidence in this cause, the court found the facts to be as follows: "That on the 12th day of December, 1902, the defendant, Joseph Evins, in consideration of the sum of one hundred dollars, sold to one George Julian lot No. 11, in block 56, Mt. Nebo, Yell County, Arkansas; that in the year 1893, by mutual consent of parties (Julian and the defendant), the said lot 11 in block 56 was exchanged for lot 13 in block 55, Mt. Nebo, and that the said George Julian and his father took possession of and made valuable improvements on the said last-mentioned lot; that at the time no deeds were exchanged, but that the defendant had full knowledge of, and allowed the said George Julian and father to proceed with, the improvements under the said verbal agreement to exchange lots, without objection by the said defendant, Joseph Evins; that on the 17th day of June, 1897, the said lot 13 in block 55 was levied upon as the property of Julian by the sheriff of Yell County under an execution issued by the clerk of the circuit court, and the property was purchased by the said plaintiff, Sandefur-Julian

Company; that in August, 1894, the plaintiff, L. C. Hall, having purchased the building upon said lot from Sandefur-Julian Company, proceeded to remove the same, and, the defendant, Joseph Evins, resisting the removal, the present suit was brought, praying for a decree that will remove the cloud from the plaintiff's title, and for a temporary restraining order, which was made, restraining the said defendant, Joseph Evins, from interfering with or preventing the removal of the said building until further orders of the court, and the court doth further find that the plaintiff and those under whom they claim have held the open, notorious, peaceable and adverse possession of lot 13, block 55, under claim of ownership for more than 7 (seven) years before the commencement of this action."

The temporary restraining order was made perpetual.

The findings of the court were sustained by the preponderance of the evidence. The two lots, at the time of the exchange, it seems, were vacant. The possession of George Julian and his father of lot 13 in block 55, and improvements made by them on the same, under their contract with Evins, entitled Julian to a specific performance of the contract of exchange. Waterman on Specific Performance of Contracts, § 279, and cases cited. The interest of Julian in the lot acquired by exchange was subject to seizure and sale under execution. Kirby's Digest, § 3228; *Hardy* v. *Heard,* 15 Ark. 184; *Young* v. *Mitchell,* 33 Ark. 222. Sandefur-Julian Company acquired such interest at the sale, and plaintiffs were entitled to the relief asked for by them in their complaint.

Decree affirmed.