JAMES T. HAYS, Appellant, v. JAMES C. FOOS.

Division One, November 27, 1909.

1. **ABSTRACT: Exceptions to Overruling Motion for New Trial.** An exception to the overruling of appellant's motion for a new trial must be preserved in the bill of exceptions, or no part of the bill of exceptions can be considered on appeal. It is of no consequence that the abstract of the record proper recites that a motion for a new trial was filed, was overruled, and an exception was saved. The only place for exceptions, to be available on appeal, is in the abstract of the bill of exceptions.

2. ————: ————: **No Objection by Respondent.** It is not within the power of counsel by agreement, either express or implied, to obviate the rules of the court. Even though respondent does not raise the point that appellant's abstract does not show an exception to the overruling of his motion for a new

trial was preserved in the bill of exceptions, the court itself will so far raise it as to hold that the bill cannot be considered unless such exception was preserved.

3. **QUIETING TITLE: Judgment on Record Proper.** Where there is no bill of exceptions, in a suit to quiet title under Sec. 650, R. S. 1899, if the abstract of the record proper shows a judgment that could properly have been entered upon the pleadings, the judgment will be affirmed on appeal.

Appeal from Nodaway Circuit Court.—*Hon. William C. Ellison,* Judge.

AFFIRMED.

*B. R. Martin* and *Anthony & Ford* for appellant.

*John M. Dawson* and *A. F. Harvey* for respondent.

GRAVES, J.—This is an action under section 650, Revised Statutes 1899, to quiet title to about two and one-half acres of land in Nodaway county, Missouri. The chief error assigned is that the trial court misjudged the facts in evidence. Respondent challenges the abstract of record on the ground that appellant's abstract fails to set out all the evidence. It will not be necessary to go into this contention for the reason that in undertaking so to do it appears that the abstract before us fails to mention the motion for new trial under the head of "Bill of Exceptions."

In what purports to be "Appellant's Statement, Abstract and Brief," we find, first, a "Statement." This is followed by what is headed, "Abstract of Record." Under this heading we find entries showing the filing of the petition and the petition itself; a demurrer and the ruling of the court thereon; the filing of an answer and the answer itself; an entry showing that after the hearing of the testimony a continuance of the cause for argument was made; an entry showing the filing of the motion for new trial

and the overruling thereof, and in this record entry it is stated that there was an exception taken to the action of the court in overruling the motion. The judgment also appears under this heading.

After these things, which appear under the heading of "Abstract of Record," as aforesaid, we find the heading, "Bill of Exceptions."

Under this heading, and in abstracting the bill of exceptions, the motion for new trial, or the ruling thereon, is nowhere mentioned. No exception to the action of the court in overruling this motion is found under the heading of "Bill of Exceptions."

It has long been ruled that the bill of exceptions is the place wherein an exception to the action of the court in overruling a motion for new trial should be lodged. Such an exception has no place in the record proper. The record proper must show the filing of the motion, and the action of the court thereon, but if an exception to the action of the court is to be taken, it must be preserved in the bill of exceptions, and in abstracting such bill of exceptions the fact that the exception has been preserved, must appear.

It does not so appear in this record. For this reason the case is only here upon the record proper. Whilst counsel for respondent have not raised the question, yet in undertaking to enforce our rules we must see that the record is in proper shape. If counsel by expressed agreement, or even a tacit agreement, can obviate our rules, the efficacy thereof would be destroyed. It is not within the power of counsel by agreement, either expressed or implied, to obviate the provisions of the rules of this court. Those rules were established with the purpose of facilitating the business of the court, and to permit counsel to obviate the effect thereof by either a tacit or expressed agreement, would leave the court powerless.

So that in this case we hold that there is nothing before us except the record proper, and this alone can

we consider. [Reno v. Fitz Jarrell, 163 Mo. 1. c. 413; Clay v. Union Pub. Co., 200 Mo. 1. c. 672-3; Stark v. Zehnder, 204 Mo. 1. c. 448; Gilchrist v. Bryant, 213 Mo. 1. c. 443; Harding v. Bedoll, 202 Mo. 1. c. 629.]

A number of other cases along the same line might be cited, because in this court they have been numerous. This, however, is sufficient to explain to the profession that there is a difference between what is nominated the record proper and the bill of exceptions. Not only so, but there is a difference in what is denominated abstract of the record proper, and the abstract of the bill of exceptions.

Examining the record proper in this case, it is shown that the judgment is one which could have properly been entered upon the pleadings therein. In other words, the pleadings were broad enough, if proper proof had been made, to sustain the judgment. We are precluded to go into the proof by reason of the fact of the deficient abstract of the bill of exceptions. Being so precluded, we are bound by the record proper. For the reasons aforesaid, the judgment should be and is affirmed.

All concur.