LAWRENCE COUNTY MUTUAL TELEPHONE COMPANY, Respondent, v. T. D. HOPE, Appellant.

Springfield Court of Appeals, December 6, 1909.

1. APPELLATE PRACTICE: Appeal On Long Form: Printed Abstract. Notwithstanding the appeal is taken in long form, that is, by filing a full typewritten transcript in the appellate court, the appellant is required to file a printed abstract of the record in all cases and the appellate courts will not go to the typewritten transcript to ascertain whether the errors complained of exist.

2. ———: ———: ———: Appeal Not Dismissed When. When the printed abstract of appellant sets forth the copy of plaintiff's cause of action and challenges the sufficiency thereof and the abstract is sufficient in this respect, even though the evidence and other matters of exception are not incorporated in the printed abstract, a motion to dismiss the appeal will be denied.

3. JUSTICE COURTS: Cause of Action: Sufficiency of Statement. Any statement of a cause of action filed before a justice of the peace which sufficiently shows the nature of the demand to enable the defendant to make a defense, and which is specific enough to bar another action for the same demand is sufficient. Statement in this case examined and held sufficient.

Appeal from Lawrence Circuit Court.—*Hon. F. C. Johnston,* Judge.

AFFIRMED.

*J. M. McPherson* and *I. V. McPherson* for appellant.

(1) The statement of the plaintiff was not sufficient to warrant any judgment against the defendant. St. Louis Trust Co. v. American Real Estate and Inv. Co., 82 Mo. App. 260; Knapp v. Hanley, 108 Mo. App. 353. (2) Appellant's abstract of the record and brief fully comply with the statute and rules of this court. The appeal was taken in the long form upon a full transcript. Sullivan v. Holbrook, 211 Mo. 104. (3) The abstract contemplated by section 813, Revised Statutes 1899, is that required where the appeal is taken in the short form and a full transcript is not sent to the appellate court. McQueen v. Groff, 105 Mo. App. 165. (4) Appellant insists that this abstract is sufficient, but even if it is incomplete the appeal should not be dismissed, but the respondent should file a counter abstract if the omission is material. State ex rel. v. Smith, 172 Mo. 446; State ex rel. v. Smith, 172 Mo. 618; Reagan v. Transcript Co., 180 Mo. 117; Rule 14 of this court; R. S. 1899, sec. 813; Rule 12 of this court. (5) It is not necessary that a copy of the record showing the bill of exceptions was filed, should be set out in the abstract; the recital of the fact is sufficient. Trippensee v. Braun, 104 Mo. App. 628; Mortz v. Transit Co., 102 Mo. App. 657; Scott v. Black, 96 Mo. App. 472.

*Charles L. Henson* for respondent.

(1) "Abstracts . . . shall set forth so much of the record ·as is necessary to a full and complete understanding of all the questions presented to this court for decision . . . and in all other matters the abstract must set forth a copy of so much of the record as is necessary to be consulted in the disposition of the errors assigned." Rule 15 of this court; Rule

15, St. Louis Court of Appeals; Rule 15, Kansas City Court of Appeals; Rule 13, Supreme Court; section 863, R. S. 1899; Whiting v. Lead Co., 195 Mo. 510; Mitchell v. Mitchell, 191 Mo. 475; Shaffer v. Deitie, 191 Mo. 377; Everett v. Butler, 192 Mo. 564; McClellan v. Powell, 197 Mo. 495; Harding v. Bedoll, 202 Mo. 625; Sparksman v. Frisco Ore Co., 132 Mo. App. 37; Hess v. Corwin, 109 Mo. App. 22; Kronk v. Reid, 105 Mo. App. 430. (2) Upon failure of appellant to file a printed abstract of the record setting forth so much of the record as is necessary to a full understanding of all the questions presented to the court for decision and a copy of so much of the record as is necessary to be consulted in the disposition of the errors assigned, the appeal will be dismissed, or at the option of the respondent reset at appellant's cost, when called for hearing. Rule 21 of this court; Rule 21, St. Louis Court of Appeals; Rule 16, Supreme Court of Missouri; Rule 18, Kansas City Court of Appeals; Ladd v. Williams, 100 Mo. App. 51; Southwick v. Southwick, 99 Mo. App. 156; Mink v. Chesney, 110 Mo. App. 334.

GRAY, J.—This cause originated in the justice court on the following complaint:

"Mt. Vernon, Mo., Nov. 20, 1908.
"Mr. T. D. Hope, Miller, Mo.
"In account with the Lawrence County Mutual Telephone Company.

| | |
|---|---|
| Jan. 1, '07 to assessment year, 1907.... | $ 3.00 |
| April 29, '07 Emergency assessment...... | 2.00 |
| Jan. 1, '08 to assessment 1st Quarter '08.. | 1.25 |
| April 1, '08 to assessment 2nd Quarter.... | 1.25 |
| July 1, to assessment 3d Quarter...... | 1.25 |
| Oct. 1, to assessment 4th Quarter........ | 1.25 |
| Total ......... ................. | $10.00" |

The defendant filed an answer consisting of a general denial and a special defense to the effect, that, by the provisions of the constitution and by-laws of the plaintiff company, any member neglecting or refusing to pay an assessment for thirty days, after being notified, should forfeit all his right, title and interest in the lines and property of the plaintiff, and alleging that defendant had so defaulted, and thereby all his interest in the lines and the property of the plaintiff had been forfeited to the plaintiff, and thereby defendant was released from the assessments sued for.

The cause was appealed to the circuit court and a trial had on the merits, on the 10th day of March, 1909, resulting in a verdict in favor of the plaintiff for $10. The appeal was taken in the long form, that is, a full transcript has been filed in this court. The only instrument filed by the respondent in this court is a printed motion to dismiss the appeal, accompanied with a brief and suggestions thereon. The abstract of the record filed by the appellant does not set forth any of the evidence heard by the jury, and counsel for appellant, in referring to the sufficiency of the evidence, refers us to the pages of the transcript wherein we may find the evidence. The abstract does not show any objections to evidence offered by respondent, or appellant's exceptions thereto.

It has often been ruled by the appellate courts of the State, that notwithstanding the appeal is taken in the long form, the appellant is required to file printed abstracts of the record in all cases, and the appellate courts will not go to the transcript to ascertain whether the errors spoken of exist. [Shaffer v. Detie, 191 Mo. 377; McClellan v. Powell, 197 Mo. 495; Halstead v. Stone, 147 Mo. 649; Whitehead v. Railroad, 176 Mo. 475; Mink v. Chesney, 110 Mo. App. 334; Sparkman v. Mining Co., 132 Mo. App. 37; McQueen v. Groff, 105 Mo. App. 165.]

In Shaffer v. Detie, Judge LAMM declared the law

in this State upon this question to be as follows: "Even in cases where a complete manuscript transcript is filed here, a printed, paged and indexed abstract must also be furnished us setting forth so much of the record as is necessary to a full understanding of all the questions presented to this court for decision. The convenience of litigants and of the members of this court in the dispatch of business requires this to be done, and we have uniformly refused to go behind unchallenged abstracts and to manuscript transcripts to hunt, as with a lighted candle in hand, to see if peradventure we may spy out the facts and issues pressed upon us for consideration."

In McQueen v. Groff, Judge ELLISON of the Kansas City Court of Appeals, said: "The appeal is taken in the long form, that is, a full transcript has been filed in this court. And on that account, defendant seems to have concluded that a printed abstract is not required, for in referring to the points of objection to the sufficiency of the evidence he refers to the pages of the transcript where he states we may find the evidence. This cannot be allowed, as has been so often ruled by the appellate courts of the State."

On account of the failure to comply with the statute and rules of the court in the manner above indicated, we are of the opinion that matters of exception are not before the court for review. This does not mean that the respondent's motion to dismiss the appeal should be sustained. The printed abstract of the record filed by the appellant sets forth the copy of the plaintiff's cause of action and challenges the sufficiency thereof, and we are of the opinion that the abstract is sufficient in this respect, and hence, we are called upon for our opinion concerning the sufficiency of the said cause of action, and the motion to dismiss the appeal should be denied.

Any statement of a cause of action filed before a justice of the peace, which sufficiently shows the nature

of the demand to enable the defendant to make a defense, and which is specific enough to bar another action for the same demand, is sufficient. The law is well settled in Missouri that the court of the justice of the peace is a tribunal designed and intended for the convenience of parties litigant, in which parties may appear and settle their law suits without the aid of attorneys. Section 3852 provides no formal pleadings shall be required on the part of either party, and the final test has always been, is the statement sufficient to notify the defendant of the nature of the cause for which he is sued, and sufficient and definite to bar another action for the same subject-matter?

The record in this cause fails to show any objection made to the sufficiency of the statement, either in the justice court, or at the trial in the circuit court, until the motion in arrest of judgment was filed. Indeed, the defendant filed an answer in writing, showing conclusively that he thoroughly understood the cause of the plaintiff's complaint, and when we take this statement, together with the answer of the defendant, we believe the pleadings sufficient under the decisions of the appellate courts of this State.

There being no other action of the court complained of, that is before this court for review, the judgment of the trial court will be affirmed.