LOUIS GRUBBS, Respondent, v. A. F. WATKINS, Appellant.

**Springfield Court of Appeals, February 7, 1910.**

1. **APPELLATE PRACTICE: Defective Abstract: Printed Abstract Required on Appeal on Long Form.** Where the printed abstract of appellant contains only the petition, answer, verdict and instructions, and makes no mention of a judgment, bill of exceptions or motion for a new trial, only the record proper can be considered and the defects are not cured by the fact that a full typewritten transcript has been filed in the appellate court.

2. ————: **Printed Abstract Required.** Revised Statutes 1899, section 813, requires that a printed abstract of the record be filed with the clerk of the appellate court, and the rules of the appellate courts of this State also require that such an abstract be filed.

3. ————: **Rules of Court: Not Affected by Agreement of Counsel.** It is not within the power of counsel by agreement either specified or implied to obviate the provisions of the rules of this court.

Appeal from Butler Circuit Court.—*Hon J. C. Sheppard,* Judge.

AFFIRMED.

*W. G. Kitchen* and *James Orchard* for appellant.

*Abington & Phillips* for respondent.

GRAY, J.—The plaintiff in this cause, filed his petition in the circuit court of Butler county, to recover damages from the defendant for personal injuries which plaintiff claimed he sustained while in the employ of the defendant. The cause was tried before a jury, resulting in a verdict for the plaintiff in the sum of $2000 and the defendant appealed to this court.

Appellant has filed what he names "Abstract of the record." This alleged abstract contains the petition, answer, verdict of the jury, instructions of the court, given and refused, and nothing else. The judgment appealed from is not found in this so-called "Abstract of the record," and no bill of exceptions, or statement that one ever was prepared or filed, or that any motion for a new trial was ever filed or acted upon by the court, or that any affidavit for an appeal was ever filed, or an appeal allowed.

Section 813 of the Revised Statutes of 1899, requires that a printed abstract of the record be filed with the clerk of this court. The rules of this and all of the other appellate courts of this State, require such an abstract to be filed. It may be claimed by appellant that this case is brought here on a complete transcript, and as such transcript is on file with the clerk of this court, it is not necessary to print an abstract of the record, such as is required when the appeal is by the "short form." In this he is mistaken. [Whiting v. Lead Co., 195 Mo. 510, 92 S. W. 883; Fischer v. Mayor, etc., of Liberty, 112 Mo. App. 686, 87 S. W. 601; Hayes v. Foos, 122 S. W. 1038.]

The case of Hayes v. Foos, above cited, was decided by the Supreme Court on the 27th day of November of this year, and that court, in speaking of an abstract of the record, in very much like the one now being considered, said: "Under the heading of 'Abstract of the Record,' we find the heading 'Bill of Exceptions.' Under this heading, and in abstracting the bill of exceptions, the motion for new trial, or the ruling thereon, is

nowhere mentioned. No exception to the action of the court in overruling this motion is found under the heading of 'Bill of Exceptions.' It is not within the power of counsel by agreement, either expressed or implied, to obviate the provisions of the rules of this court. Those rules were established with the purpose of facilitating the business of the court, and to permit counsel to obviate the effect thereof by either a tacit or expressed agreement would leave the court powerless. For this reason the case is only here upon the record proper."

In the case now before us, we are not informed even that permission was ever given to file the bill of exceptions, or that the same was filed, and therefore, the case is only here upon the record proper.

If the failure to file an abstract of the record was only a violation of the rules of this court, we might feel inclined to go to the transcript in the office of the clerk of this court, and try to ascertain therefrom the points before us for review. But the Legislature of this State has enacted a statute which as interpreted by the Supreme Court of this State, requires parties appealing to print an abstract of the record, and we are not at liberty to ignore this statute any more than we are any other statutory duty that the Legislature had prescribed for our guidance. If the decisions of the Supreme Court requiring the printed abstracts to be filed were recent, so that it might be said that the attorneys throughout the State were not familiar therewith, a different question would be presented. But for many years the Supreme Court has so construed this statute. [Clements v. Turner, 162 Mo. 466, 63 S. W. 84.] It is time that the attorneys should know the importance of complying with its provisions. The "law's delay" is the greatest complaint that the people have against our courts, and this statute was undoubtedly enacted as a remedy for this complaint.

There is only one transcript filed in the office of the clerk, and if the judges are compelled to examine that and hunt through all of its pages to ascertain the matters before the court for appeal, much delay will ensue in the transaction of business in the appellate courts. Each judge will have to wait in turn until the other has completed his examination of this transcript. If one litigant is required to comply with the law and another not, an injustice will be done.

We have examined the petition and the record proper, and find nothing therein to authorize us to reverse the judgment of the trial court, and therefore affirm the same. All concur.