Parkey v. Reese.

---

H. H. PARKEY et al., Appellants, v. A. R. D. REESE, Respondent.

Springfield Court of Appeals, February 7, 1910.

1. APPELLATE PRACTICE: Defective Abstract: Typewritten Transcript. The fact that a full typewritten transcript is filed in the appellate court is no excuse for failure to make and file a printed abstract.

2. ————: ————: Statement as to Filing Bill of Exceptions. The statement in the printed abstract: "Bill of exceptions filed June 19, 1909," is not sufficient where there is nothing

to show that the bill of exceptions was signed by the judge or that it was filed by the proper order of court duly entered of record, and it does not show whether it was filed in term-time or in vacation.".

Appeal from Taney Circuit Court.—*Hon. John T. Moore,* Judge.

APPEAL DISMISSED.

*H. F. Coleman, C. B. Sharp, B. B. Price, Geo. W. Thornberry* and *R. C. Ford* for appellants.

*A. H. Buchanan* and *D. F. McConkey* for respondent.

The statute authorizes appellate courts to require printed abstracts of the record in all cases, and a printed abstract of the record is required notwithstanding the appeal is taken on the long form and a full transcript is filed in the appellate court. R. S. 1899, sec. 874; McQueen v. Groff, 105 Mo. App. 165, 79 S. W. 734; Mink v. Chesney, 110 Mo. App. 334; Brand v. Cannon, 118 Mo. 595, 24 S. W. 434; Ely v. Coonts, 167 Mo. 371, 67 S. W. 299; Snoody v. Jasper County, 47 S. W. 906, 146 Mo. 112; State ex rel. v. Reynolds, 82 Mo. App. 152; Jackson v. Railway, 85 Mo. App. 443.

NIXON, P. J.—This appeal must be somewhat summarily disposed of on respondent's motion to dismiss the same for failure to comply with the rule of this court requiring printed abstracts to be filed. A complete typewritten transcript has been filed in this court, and on that account, appellants seem to have concluded that a printed abstract is not required, for in what purports to be their printed "abstract of the record" they state that "having sent up a full and complete transcript in this case, it is only necessary to refer to the salient features of the record." The contents of the petition, answer and reply are then stated in narrative

form and the judgment of the trial court is inserted. The statement is made that "in due time plaintiffs filed a motion for a new trial, which said motion was by the court overruled; thereupon, plaintiffs filed their affidavit and application for an appeal. Appeal granted to the St. Louis Court of Appeals. Plaintiffs given ninety days in which to file bill of exceptions. Bill of exceptions filed June 19, 1909." Nothing else appears in the printed abstract. That this is wholly insufficient has been many times ruled by our appellate courts. Section 874 of the Revised Statutes of 1899 authorizes appellate courts to require printed abstracts, and by Rule 15 of this court it is required that abstracts shall be printed, "and shall be paged and have a complete index, and shall set forth so much of the record as is necessary to a full and complete understanding of all the questions presented to this court for decision." The fact that a full transcript is sent up is no excuse for a failure to make and file a printed abstract. [Lawrence County Mutual Telephone Co. v. Hope (decided at this term), 123 S. W. 501; Mink v. Chesney, 110 Mo. App. 334, 85 S. W. 924; McQueen v. Groff, 105 Mo. App. 165, 79 S. W. 734.]

The statement in the printed abstract "Bill of exceptions filed June 19, 1909," is not sufficient. There is nothing to show that the bill of exceptions was signed by the judge or that it was filed by the proper order of court duly entered of record, and it does not show whether it was filed in term time or in vacation. See Webster v. Berry (decided at this term) ; Clay v. Union Wholesale Pub Co., 200 Mo. 1. c. 673, 98 S. W. 677; Harris v. Wilson, 199 Mo. 412, 97 S. W. 591; Everett v. Butler, 192 Mo. 564, 91 S. W. 890; Novinger v. Quincy, O. & K. C. R. Co., 131 Mo. App. 337, 111 S. W. 515.

It is impossible for appellate courts to determine cases satisfactorily unless there is a compliance with the rules. The motion to dismiss the appeal is sustained. All concur.