C. L. DAVIS, Respondent, v. BANK OF ALTON et al., Appellants.

Springfield Court of Appeals, May 8, 1911.

APPELLATE PRACTICE: Printed Abstract. Section 813, Revised Statutes 1899, as well as the rules of all the other appellate courts require that a printed abstract of the record be filed and this is necessary even though there may be a complete typewritten transcript on file with the clerk of the appellate court.

Appeal from Oregon Circuit Court.—*Hon. W. N. Evans,* Judge.

APPEAL DISMISSED.

*E. P. Dorris* and *T. J. Braswell* for appellants.

*J. D. Brooks* for respondent.

GRAY, J.—The appellant has filed no abstract of the record in this court. We are not advised that a motion for new trial or bill of exceptions was filed.

In Grubbs v. Watkins, 142 Mo. App. 11, 125 S. W. 214, we said: "Section 813 of the Revised Statutes of 1899, requires that a printed abstract of the record be filed with the clerk of this court. The rules of this and all of the other appellate courts of this state, require such an abstract to be filed. It may be claimed by appellant that this case is brought here on a complete transcript, and as such transcript is on file with the clerk of this court, it was not necessary to print an abstract of the record, such as is required when the appeal is by the 'short form.' In this he is mistaken. [Whiting v. Lead Co., 195 Mo. 510, 92 S. W. 883; Fischer v. Mayor, etc., of Liberty, 112 Mo. App. 686, 87 S. W. 601; Hayes v. Foos, 122 S. W. 1038.]

"If the failure to file an abstract of the record was only a violation of the rules of this court, we might feel inclined to go to the transcript in the office of the clerk, and try to ascertain therefrom the points before us for review. But the Legislature has enacted a statute which as interpreted by the Supreme Court, requires parties appealing to print an abstract of the record, and we are not at liberty to ignore this statute any more than we are any other statutory duty that the Legislature has prescribed for our guidance. If the decisions of the Supreme Court requiring the printed abstracts to be filed were recent, so that it might be said that the attorneys throughout the state were not familiar therewith, a different question would be presented. But for many years the Spreme Court has so construed this statute. [Clements v. Turner, 162 Mo. 466, 63 S. W. 84.]"

The appeal will be dismissed. All concur.