PEARL PARKER, APPELLANT, v. I. T. PETRAGLIO, EMPLOYER, AND AETNA LIFE INS. COMPANY, INSURER, RESPONDENT.—67 S. W. (2d) 101.

Springfield Court of Appeals. January 20, 1934.

*H. Balken-Bush* for appellant.

*Mann, Mann & Miller* for respondents.

BAILEY, J.—This is a proceeding under the Workmen's Compensation Act by which Pearl Parker, appellant here, seeks to recover compensation for injuries alleged to have been sustained by her while in the employ of I. T. Petraglio, one of the respondents on this appeal. At the very outset of the case we are confronted by respondents' motion to dismiss the appeal on the grounds, as alleged, that appellant herein has failed and neglected to file in this court a true and complete abstract of the record, or a printed and indexed transcript of the record, or so much as is necessary for a complete understanding of all the questions presented to this court for decision.

The so called printed abstract of the record in this case appears to be no more than a statement of appellant's side of the case. It sets out that appellant filed her claim on the 25th day of September, 1932, alleging that she had sustained injuries, resulting in disability compensable under the provisions of the Missouri Workmen's Compensation Law, on May 4, 1932; that the employer and insurer both denied liability and no compensation was paid or any medical aid furnished; that the matter was set down before a referee and testimony was taken. Then is set out in narrative form the testimony of some of the witnesses, also part of a hospital report and the report of an examining physician. The purported abstract of the record further sets forth that the referee found for the employee but that on a rehearing before the whole commission a final award was made denying the employee compensation; that the case was appealed to the Circuit Court of Phelps County and that that court affirmed the award of the commission; that affidavit for appeal was filed and allowed to this court.

There can be no doubt that appellant's abstract of the record does not comply with the rules of this court. In fact appellant, in her reply brief, takes the position that because this is an appeal from a decision of the Missouri Workmen's Compensation Commission, no useful purpose would be served in requiring the employee to send up a transcript in lieu of the original record, which was filed in this court, and that this court should consider that typewritten record without putting the employee to the expense of paying for a complete abstract.

The question on the motion to dismiss is therefore whether or not we may consider the original record of all the proceedings and testimony taken before the commission and on file in this court, when the appellant fails to include such record in the printed abstract. Upon this question we must be guided solely by the law as set forth in the Workmen's Compensation Act and other statutes applicable thereto. We may not permit a different procedure from that which the law prescribes. There is but one section in the Workmen's Compensation Act which deals with the matter of appeal from the circuit to the Court of Appeals. That section reads, in part, as follows:

· "Appeal from the circuit court shall be allowed the same as in civil actions and all appeals to the circuit and appellate courts shall have precedence over all other cases except election contests. In all appeals from the commission or circuit court the costs thereof shall be assessed against the losing party as provided by law in civil cases." [Sec. 3342, R. S. 1929.]

As to appeals in civil cases, the law provides, among other things, that the appellant, after the proper preliminary steps have been taken as set forth in the statute, shall first pay the ten dollar docket fee. That was done in this case. Section 1028 provides that the appellant shall file a complete transcript of the record, or in lieu thereof a certified copy of the record entry of the judgment appealed from, together with the order granting the appeal, and shall, "within the time and manner as is now or may hereafter be prescribed by the rules of such appellate court, file printed abstracts of the entire record of said cause in the office of the clerk of such appellate court, and within such time, deliver a copy of said printed abstract to the respondent or defendant in error; and the respondent or defendant in error may, if dissatisfied with such abstracts of the appellant, file such abstracts on his part, or any additional abstract, serving appellant or plaintiff in error with a copy thereof, in such a manner and within such time as is now or shall hereafter be prescribed by the appellate court wherein the same shall be taken; and in case the opposite party shall not concur in such abstract of record, he shall specify his objections thereto, in writing, and file the same with the clerk and serve the adverse party with a copy thereof, and thereupon the clerk of the appellate court shall forthwith issue and send an official order commanding the clerk of the trial court to send such appellate court a certified transcript of that part of the record so in dispute." [Sec. 1028, R. S. 1929.]

Our Rule 15 sets forth the essentials of a proper abstract of the record in harmony with the above statute and among other things provides that the printed abstract "must set forth a copy of so much of the record as is necessary to be consulted in the disposition of the errors assigned."

The abstract in the case at bar merely states that plaintiff filed her claim with the commission, but the nature of the claim is not shown; the answer and the issues made are not shown; it does not contain an abstract of all the evidence necessary to dispose of the errors assigned. In her reply brief appellant in effect contends that it is our duty to examine the original record of all the proceedings, including the testimony of witnesses, filed in this court and that the law does not require the appellant in cases of this character to file a printed abstract as in ordinary civil cases; that to require the claimant to file a complete printed abstract as required of other litigants would work an unnecessary hardship upon such claimant and put her to an expense

she is unable to bear. However much inclined this court might be to follow claimant's suggestion and examine the original record in lieu of the printed abstract, we do not feel at liberty to do so as the law is now written. If a different method of procedure is to be followed in compensation cases, the Legislature should so provide. We think the courts of this State have gone as far as they can in liberally construing the Workmen's Compensation Act relative to procedure on appeal. It has been held that no bill of exceptions is required, but that the proceedings and evidence before the commission constitute the record of the circuit court. [Higgins v. Heine Boiler Co. (Mo. Sup.), 41 S. W. (2d) 565; Brocco v. May Dept. Store, 55 S. W. (2d) 322.]

It is further held that the appellant in cases arising under the Workmen's Compensation Act is not required to file a motion for new trial and, therefore, the filing of a motion for new trial does not have the effect of extending finality of a judgment of the circuit court so as to permit the taking of an appeal after the term at which the judgment was rendered. [State ex rel. v. Haid et al., 38 S. W. (2d) 44, 327 Mo. 567.]

In all cases where it has been held that a bill of exceptions was not required on appeal, the printed record filed by appellant contained the record of all the proceedings and evidence taken before the commission so that there was a complete compliance with the statute and rules relative to the abstract of the record on appeal. But the record before us does not purport to abstract all the evidence taken before the commission, although one of the assignments of error is that there was insufficient evidence to support the finding of the commission in favor of defendants. Moreover, the abstract does not contain a copy of the claim nor the answer thereto. We are unable to determine from this abstract whether or not this court has jurisdiction of the appeal or whether or not the commission itself had jurisdiction to hear the claim. This court, in Grubbs v. Watkins, 142 Mo. App. 11, 1. c. 13, 125 S. W. 214, speaking through Judge GRAY, uses language which we think applicable here as follows:

"If the failure to file an abstract of the record was only a violation of the rules of this court, we might feel inclined to go to the transcript in the office of the clerk of this court, and try to ascertain therefrom the points before us for review. But the Legislature of this State has enacted a statute which as interpreted by the Supreme Court of this State, requires parties appealing to print an abstract of the record, and we are not at liberty to ignore this statute any more than we are any other statutory duty that the Legislature had prescribed for our guidance."

It is therefore our opinion that we must obey the mandates of the statute relative to appeal and treat all litigants the same until such time as the law provides a different method of procedure on appeal

78

in Workmen's Compensation cases. Since we are not at liberty to examine the original record on file with the clerk of this court we are unable to determine the merits of the various points raised on this appeal and must therefore sustain the motion to dismiss. It is so ordered. *Allen, P. J.,* and *Smith, J.,* concur.