Ruth ADAMS et al., Respondents, Cosetta Wallace et al., Appellants,

v.

AMERICAN PAVING AND CONSTRUCTION COMPANY and Glens Falls Insurance Company, Employer-Insurer.

No. KCD26063.

Missouri Court of Appeals, Kansas City District.

Dec. 4, 1972.

Henry L. Graf, Kansas City, for appellants.

Henry A. Panethiere, Kansas City, for respondents.

PER CURIAM.

This appeal from the judgment of the Circuit Court affirming the final award of the Industrial Commission in favor of Ruth Adams, et al. is dismissed for failure to comply with Supreme Court Rule 81.14 (a) under authority of Supreme Court Rule 84.08.

As originally filed in the Supreme Court and as transferred here by order, only a five-page transcript containing the formal order of the circuit court has been submitted by appellants as the transcript on appeal. The transcript of the evidence before the referee and subsequently before the Industrial Commission has never been filed in this court, and the time for such filing has long since passed. The statute, V.A.M.S. 287.490(2), directs that the transcript on appeal shall consist of " . . . the original transcript prepared and filed in the circuit court by the commission, together with a transcript of the proceedings had in the circuit court, . . . " and the filing of such a transcript is essential. Parker v. Petraglio, 228 Mo.App. 74, 67 S.W.2d 101 (Mo.App.1934).

The briefs of the parties have been examined to determine if the dismissal of this appeal would cause any injustice.

Appellants' first claim is that there was sufficient credible evidence in the record to support a finding of fact contrary to that reached by the commission. This point merely raises questions concerning the credibility of witnesses and the weight of the evidence which is never reviewable by the appellate court. Welborn v. Southern Equipment Co., 395 S.W.2d 119 (Mo.Sup.1965) En Banc. Dupree v. Yorkshire Cleaners, Inc., 454 S.W.2d 607 (Mo. App.1970). Whether a different finding could have been made on the same evidence is immaterial because the court cannot substitute its opinion for the supported findings of the commission. Brown v. Missouri Lumber Transports, Inc., 456 S.W.2d 306 (Mo.Sup.1970). Dickhaut v. Bilyeu Refrigerated Transport Corp., 441 S.W.2d 54 (Mo.Sup.1969).

Secondly, the appellants claim that the findings of the commission are unsupported

by sufficient evidence. From the uncontroverted statement of facts in the briefs, it is apparent that the findings are based on competent and substantial evidence. Therefore, it would be the duty of a reviewing court to affirm the commission. Davies v. Carter Carburetor, Division ACF Industries, Inc., 429 S.W.2d 738 (Mo.Sup.1968). Johnson v. Park N Shop, 446 S.W.2d 182 (Mo.App.1969).

The appeal is dismissed.